■ ZION TSABBAR, Appellant, v MARYANN AULD et al., Respondents. [714 NYS2d 489] —Order, Supreme Court, New York County (Paula Omansky, J.), entered October 13, 1999, which denied plaintiff's motion for partial summary judgment declaring (1) that the contracts entered by plaintiff dentist with other health care professionals are license agreements, and (2) that the proprietary lease does not require review and/or approval by defendant cooperative's Board of Directors of such agreement, unanimously affirmed, with costs.

Because plaintiff's agreements with other health care professionals granted an "exclusive right to use and occupy" part of plaintiff's apartment at certain times, they were not mere licenses, but subleases for which approval was required under plaintiff's proprietary lease with defendant cooperative corporation (see, Miller v City of New York, 15 NY2d 34). Concur—Sullivan, P. J., Rosenberger, Ellerin, Wallach and Rubin, JJ.

■ KAY LEROY, Respondent, v WARNER LEROY, Appellant. [715 NYS2d 231] —Order, Supreme Court, New York County (Walter Tolub, J.), entered February 2, 2000, which, in an action for divorce, granted plaintiff's motion for attorneys' fees that plaintiff anticipated she would incur in connection with a then pending appeal of the divorce judgment, to the extent of awarding plaintiff $100,000 and directing that defendant bear the cost of the appellate record subject to reallocation upon the conclusion of appellate proceedings, unanimously affirmed, with costs.

The award was a proper exercise of discretion (Domestic Relations Law § 237 [a]; see, O'Shea v O'Shea, 93 NY2d 187, 192-193), there being ample basis for finding that plaintiff lacked the money to pay for her attorneys' services on the appeal, and that defendant, who, pending the appeal, remained in control of nearly the entire marital estate, including all liquid assets, had the ability to pay therefor. In determining the amount of the then still prospective fee, the trial court properly relied upon its own knowledge, experience and familiarity with the parties' financial circumstances (see, Caldwell v Caldwell, 209 AD2d 1022). Concur—Sullivan, P. J., Rosenberger, Ellerin and Rubin, JJ.