■ ZION TSABBAR, Appellant, v MARYANN AULD et al., Respondents. [735 NYS2d 31] —Order, Supreme Court, New York County (Paula Omansky, J.), entered January 25, 2001, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

The subject lease required board approval for subleases (*see, Tsabbar v Auld*, 276 AD2d 442), and, by its terms, could not be orally modified, rendering the oral agreement alleged by plaintiff, pursuant to which subleasing would be permissible without board approval, unenforceable (*see, Day Realty Corp. v Lawrence Assocs.*, 270 AD2d 140, 141). Read in the context of the entire lease, the lease provision requiring board consent for subleases is unambiguous as a matter of law (*see, Duggal Corp. v Aetna Cas. & Sur. Co.*, 181 AD2d 472, 473, *lv denied* 80 NY2d 753). Contrary to plaintiff's contention, there is no evidence of partial performance by plaintiff unequivocally referable to the alleged oral agreement (*see, Lebowitz v Mingus*, 100 AD2d 816,

817, *appeal dismissed* 63 NY2d 675), or of conduct unequivocally referable to a clear and unambiguous promise of the type required for promissory estoppel (*see*, *99 Realty Co. v Eikenberry*, 242 AD2d 215, 216). We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J. P., Andrias, Ellerin and Rubin, JJ.