Nextel of New York, Inc., Appellant-Respondent, v Time Management Corporation, Respondent-Appellant. (Matter No. 1.) In the Matter of Nextel of New York, Inc., Appellant-Respondent, v Time Management Corporation, Respondent-Appellant. (Matter No. 2.) [746 NYS2d 169]

A *Yellowstone* injunction may be awarded to a commercial tenant allegedly in default under its lease, to toll the expiration of the contractual cure period in the lease (*see First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630). The tenant must show (1) that it holds a commercial lease, (2) that it has received notice of default, notice to cure, or threat of termination, (3) that it has moved for injunctive relief prior to the termination of the lease, and (4) it is ready and able to cure the alleged default by any means short of vacating the premises (*see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d 508; *Lee v TT & PP Main St. Realty Corp.*, 286 AD2d 665).

The defendant contends that the Supreme Court erred in granting a *Yellowstone* injunction to the plaintiff Nextel of New York, Inc. (hereinafter Nextel), because the parties' agreement merely granted Nextel a nonexclusive license to utilize a portion of the premises for its cellular telephone antennae and equipment. "The central distinguishing characteristic of a lease is the surrender of absolute possession and control of property to another party for an agreed-upon rental" (*Matter of Dodgertown Homeowners Assn. v City of New York*, 235 AD2d 538, 539; *Matter of Davis v Dinkins*, 206 AD2d 365). A license gives no interest in land. It confers only the nonexclusive, revocable right to enter the land of the licensor to perform an act (*see Miller v City of New York*, 15 NY2d 34; *Linro Equip. Corp. v Westage Tower Assoc.*, 233 AD2d 824; 49 NY Jur 2d, Easements § 196). Whether a given agreement is a lease or a license

depends upon the parties' intentions (*see Linro Equip. Corp. v Westage Tower Assoc., supra*; *Dime Laundry Serv. v 230 Apts. Corp.,* 120 Misc 2d 399).

We agree with the Supreme Court's determination that the parties' agreement herein was a lease. The agreement provided for Nextel to install its antennae on the roof of the defendant's building and to occupy 200 square feet of interior space as described in the plans expressly annexed to the lease. While several other cellular telephone carriers also occupied the roof and other portions of the building, pursuant to the equipment room plan, Nextel was to partition off an existing room by building a wall and by adding a new door to access its portion of the newly-created room. Nextel was to install a new "HVAC" unit to maintain the environment in its room, and radio equipment to handle the telephone signals. Nextel's sophisticated electronic equipment would occupy the entire new room, and thus its access thereto was to be exclusive.

The term of the lease was for five years, with five automatic renewal terms of five years each. Nextel retained title to its equipment; the equipment would not become fixtures. Nextel's employees were to have unlimited access to the premises. Nextel had the expressly-granted right to quiet enjoyment. In short, the parties' agreement "contain[ed] many provisions typical of a lease and conferring rights well beyond those of a licensee or holder of a mere temporary privilege" (*Miller v City of New York, supra* at 37; *see Tsabbar v Auld,* 276 AD2d 442). Accordingly, the Supreme Court properly determined that the agreement was a lease and not a license.

The defendant's remaining contentions are without merit. Santucci, J.P., Altman, S. Miller and McGinity, JJ., concur.