■ Zion Tsabbar, Appellant, v David Delena et al., Respondents. [752 NYS2d 636] —Order, Supreme Court, New York County (Walter Tolub, J.), entered October 1, 2001, which, inter alia, granted defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiff holds a proprietary lease to a professional apartment in the building owned by defendant residential cooperative. A prior action brought by plaintiff alleging, inter alia, that an oral agreement existed permitting plaintiff to sublease his professional apartment without board approval, was dismissed upon the grant of the defendants' motion for summary judgment (*see Tsabbar v Auld*, 289 AD2d 115, *lv denied* 98 NY2d 613). Plaintiff has now commenced the instant action, alleging, inter alia, disparate and inequitable cooperative share allocation and that defendants have treated plaintiff in a discriminatory and disparate manner by selectively enforcing sublease requirements and preventing him from engaging in business ventures with other professionals seeking to utilize

his office space. The claims now asserted were properly dismissed since they are barred by the doctrines of res judicata and collateral estoppel (*see generally Matter of Reilly v Reid*, 45 NY2d 24, 27-28). Plaintiff's attempt to premise his right to sublet without board approval upon a legal theory different from the one alleged in the prior action is unavailing as a means of removing this claim from the bar of res judicata, since both this and the previously asserted claim arise from the same underlying transactions (*id.* at 29-30). Also precluded are plaintiff's claims pertaining to share allocation and maintenance allocation, those claims having been rejected in the prior action, and, we note, only after plaintiff had been afforded a lengthy period for the conduct of discovery. In any event, plaintiff's conclusory arguments concerning disparate treatment with respect to share allocation, based entirely upon hearsay evidence, are insufficient to raise any factual issue as to the propriety of defendants' exercise of their business judgment (*see Schultz v 400 Coop. Corp.*, 292 AD2d 16). The business judgment rule also shields defendants from plaintiff's claims pertaining to their actions in barring other professionals from utilizing plaintiff's premises. Plaintiff has come forward with nothing more than conclusory allegations of bad faith to rebut defendants' showing that they properly exercised their directorial powers with respect to plaintiff's attempts to permit other professionals to utilize this apartment.

We note that any further attempt by plaintiff to evade the underlying order proscribing his bringing any further litigation arising out of the allegations asserted herein will subject him to the imposition of sanctions pursuant to 22 NYCRR 130-1.1 (a) and (c). Concur—Nardelli, J.P., Saxe, Sullivan, Rosenberger and Ellerin, JJ.