Zion TSABBAR, Plaintiff,

v.

Francis BOOTH, Margaret Ternes, Lloyd Heller, Maryann Auld, David Delena, 17 East 89th Street Tenants, Inc., Insignia Residential Group, State of New York, Defendants.

No. 03 CIV. 6311(RMB).

United States District Court, S.D. New York.

Sept. 29, 2003.

Zion Tsabbar, pro se, for plaintiff.

Glen Parker, Hoey King Toker & Epstein, New York City, and Joseph Tucker, Kurzman Karelson and Frank, New York City, for Defs. Francis Booth, et. al., Clement J. Colucci, NYS Department of Law, New York, for Def. NYS.

## ORDER

BERMAN, District Judge.

### I. Introduction

This pro se action, filed on or about August 22, 2003 by Zion Tsabbar ("Plaintiff"), is the first federal court action in a long-running landlord-tenant dispute over Plaintiff's dental office coop at 17 East 89th Street, New York, New York, which has been litigated on many occasions in the New York State courts. Plaintiff here alleges twenty-one causes of action for violations of the U.S. Constitution and numerous statutes against 17 East 89th Street Tenants, Inc. and three members of its board of directors, i.e., Francis Booth, Margaret Ternes, and Lloyd Heller, and Insignia Residential Group (the building manager) and two of its employees, i.e., Maryann Auld and David Delena (collectively, "Coop Defendants"). Plaintiff also sues New York State and New York State officials ("State Defendants").[1] Plaintiff seeks declaratory relief and damages stemming from his commercial coop dispute(s) and for alleged violations of the First, Fourth, and Fourteenth Amendments to the U.S. Constitution; 15 U.S.C. § 1021; 18 U.S.C. §§ 241, 1341; 26 U.S.C. § 216; 42 U.S.C. §§ 1981, 1983, 1985–86; and N.Y. Bus. Corp. Law § 501, among other things. Plaintiff's claims against the Coop Defendants have been litigated in New York State courts since at least 1999. Plaintiff's claims against the State Defendants argue that he was mistreated by the justices and judges who presided over the various coop litigations. (See, e.g., Compl. ¶ 68 ("In every decision made by the Courts, the facts were twisted to favor the Co-op."); id. at ¶ 93 ("My substantial civil and constitutional rights to due process and equal protection have been violated by State Courts, due to political favoritism, conspiracy, or dereliction of duties.").)

On August 22, 2003, Plaintiff moved here by Order to Show Cause for an order "pursuant to Rule 65 FRCP temporarily restraining and enjoining the Defendants during the pendency of this action ... from foreclosing and selling Plaintiff's office and its contents located at 17 East 89th Street New York, suite 1–D" and for an order that "Defendants give immediate possession of the office located at 17 East

---

1. While Plaintiff names the "State of New York" in the caption of the complaint, the Court understands the complaint to allege claims against New York State court judges as well. (See, e.g., Compl. ¶ 128 ("The Fifteenth Cause of action is against Defendant State of New York and the Justices who have politically been motivated and conspired to deprive Plaintiff of his rights ...")); see also

*Lerman v. Bd. of Elections,* 232 F.3d 135, 139–40 (2d Cir.2000) ("Since most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, we must construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel ....").

89th Street to Plaintiff; ... Defendants are barred from interfering in any manner with the occupancy of Plaintiff pending final determination of Plaintiff's complaint; ... All actions be stayed in Supreme Court State of New York, and that all records be transferred to this court." By letter dated September 2, 2003, the State Defendants opposed Plaintiff's motion and moved to dismiss the case ("State Def. Br."). On September 8, 2003, the Coop Defendants opposed Plaintiff's motion and also moved to dismiss ("Coop Def. Br."). On September 23, 2003, Plaintiff submitted a reply. **For the reasons set forth below, the Court denies Plaintiff's motion by Order to Show Cause for a temporary restraining order and grants the Coop Defendants' and the State Defendants' motions to dismiss.**

## II. Background

The Court accepts the following facts from Plaintiff's complaint as true for purposes of Defendants' motions to dismiss.[2]

Plaintiff purchased a professional office and dental practice at 17 East 89th Street in or around December 1995. (*See* Compl. ¶¶ 1, 23.) Before Plaintiff signed the lease, Defendant Booth allegedly told Plaintiff: "there are no sublet rules for the offices." (*Id.* ¶ 9; *see id.* ¶ 28.) After Plaintiff remodeled the dental offices in or around November 1996 at a cost of more than $250,000, Plaintiff: "tried to share the office with two other doctors. I was suddenly informed that I must seek the Coop's permission to share my office." (*Id.* ¶ 40.) "The Co-op selectively was enforcing the sublet rules ...." (*Id.* ¶ 44 ("Mr. Booth called me an 'arrogant Israeli' and

stated that the Co-op will teach me a lesson.").) Plaintiff and the Coop Defendants also quarreled over the way the shares of the coop were allocated. (*Id.* ¶ 20.) Plaintiff complained that a disproportionate number of shares of the coop were allocated to his office space, "result[ing] in disparate treatment of Plaintiff, which is a violation of N.Y. State BCL 501." (*Id.*) Plaintiff also disputed with Coop Defendants over the amount of storage space in the building to which Plaintiff was entitled. (*Id.* ¶ 36 ("While every residential and commercial store had storage, and despite promises made to me, I had to have three months of arguments about storage space in the basement, to be given a small area to place my equipment.").) Issues also arose over Plaintiff's attempt to convert his practice into a Medicaid practice. (*Id.* ¶¶ 73–75, 88 ("The co-op was motivated by discrimination against Medicaid patients.").)

Plaintiff asserted most, if not all, of these claims in the Supreme Court of the State of New York, New York County in *Tsabbar v. Auld, et al.,* Index No. 120641/97. In a decision dated October 13, 1999, Justice Paula J. Omansky denied Plaintiff's "motion for partial summary judgment for a declaration that Board approval is not necessary in on [sic] order for other dentists to share the subject premises." *Tsabbar v. Auld, et al.,* Index No. 120641/97, at 3 (N.Y.Sup.Ct. Oct. 13, 1999). On appeal, the New York State Supreme Court, Appellate Division, First Department affirmed Justice Omansky's decision stating that "[b]ecause plaintiff's agreements with other health care professionals granted an 'exclusive right to use and occupy' part of plaintiff's apartment at cer-

---

**2.** The Court also includes facts found in published opinions of New York State Courts. *See Phifer v. City of New York,* 99 Civ. 4422, 2003 WL 1878418, at *2 (S.D.N.Y. Apr.15, 2003) (" '[I]t is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including case law and statutes.' " (quoting *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 75 (2d Cir.1998))).

tain times, they were not mere licenses, but subleases for which approval was required under plaintiff's proprietary lease with defendant cooperative corporation." 276 A.D.2d 442, 714 N.Y.S.2d 489 (1st Dep't 2000). The defendants in the state court action moved for summary judgment on all claims, which Justice Omansky granted. *Tsabbar v. Auld, et al.,* Index No. 120641/97, at 11 (N.Y.Sup.Ct. Jan. 25, 2001). On reargument, Justice Omansky adhered to her decision. *Tsabbar v. Auld, et al.,* Index No. 120641/97, at 5 (N.Y.Sup. Ct. May 21, 2001) ("[P]laintiff has failed to demonstrate that the court's decision contained any material errors or omissions so as to warrant vacatur."). Justice Omansky also denied Plaintiff's motion to vacate her orders based on newly discovered evidence. *Tsabbar v. Auld, et al.,* Index No. 120641/97, at 4 (N.Y.Sup.Ct. Sept. 4, 2001) ("The court has once again reviewed plaintiff's arguments and declines to vacate any prior orders, finding no mistaken statement of facts or conclusions of law."). On appeal, the Appellate Division, First Department of the New York State Supreme Court affirmed Justice Omansky's summary judgment decision. 289 A.D.2d 115, 115–116, 735 N.Y.S.2d 31 (1st Dep't 2001) ("The subject lease required board approval for subleases and, by its terms, could not be orally modified, rendering the oral agreement alleged by plaintiff, pursuant to which subleasing would be permissible without board approval, unenforceable. Read in the context of the entire lease, the lease provision requiring board consent for subleases is unambiguous as a matter of law." (citations omitted)), *leave to appeal denied,* 98 N.Y.2d 613, 779 N.E.2d 187, 749 N.Y.S.2d 476 (2002).

In *Tsabbar v. Delena, et al.,* Index No. 603578/01, a case based on similar, if not the same allegations as set forth in the case in front of Justice Omansky, Justice Walter B. Tolub of the Supreme Court of the State of New York, New York County stated that:

This is not the first time this plaintiff has brought these claims to court. Rather, these allegations were previously brought before Justice Omansky, who dismissed the plaintiff's complaint by decision and order dated January 18, 2001. The plaintiff's pattern of harassing the defendants by repeatedly filing frivolous motions and actions is plain, as evidenced by his chronic requests for relief, including an inspection of the defendants' corporate books, vacatur of all prior orders in this case, and a request for preliminary injunction against the defendants. The Appellate Division's October 31, 2000 affirmance of a prior decision by Justice Omansky, in which the court denied the plaintiff's request to share his premises without prior Board of Directors' approval has not stopped the plaintiff from continuing his litigious course of action, as evidenced by a small claims action filed in August 2001 and the filing of this action.

*Tsabbar v. Delena, et al.,* Index No. 603578/01, at 1–2 (N.Y.Sup.Ct. Sept. 24, 2001). Justice Tolub dismissed Plaintiff's complaint. *Id.* The Appellate Division, First Department affirmed. 300 A.D.2d 196, 196–97, 752 N.Y.S.2d 636, 636–37 (1st Dep't 2002).[3]

---

**3.** Plaintiff and the Coop Defendants have been involved in additional state court litigations concerning the following issues:

— "a neon sign in [Plaintiff's] office window to advertise location of the dental office"

(Compl. ¶ 57 (referring to *17 East 89th Street v. Tsabbar,* Index No. 104418/98));

— Plaintiff's attempt to "change my practice into an insurance and Medicaid practice" (Compl. ¶¶ 73–72 (referring to *Tsabbar v. 17 East 89th Street,* Index No. 107920/01));

Plaintiff's complaint in this Court charges that the justices and judges involved in his state court cases acted inappropriately. For example, Plaintiff alleges that Justice Omansky's October 13, 1999 "decision is discriminatory and fatally flawed" because, among other things, Justice Omansky "rewrote the lease and subjected Plaintiff to unfair and unjustifiable dealings benefiting the Co-op." (Compl.¶ 46.) Plaintiff attributes the Appellate Division's affirmance of Justice Omansky's decision to "not having full discovery, and State Courts politically favoring Co-ops." (Compl.¶ 48.) Plaintiff alleges that Justice Omansky's January 25, 2001 decision granting summary judgment "was arbitrary, defied logic, and not supported by rule of law. Plaintiff's right to fundamental and substantive due process was abrogated." (Compl.¶ 49.) Plaintiff also alleges that he "knew the State Court of Appeals would deny my Leave to appeal. I investigated and found out that the Co-op's attorney has offices in the same building and floor apart from chief justice of the Court." (Compl.¶ 56.)

## II. Standard of Review

"In reviewing a Rule 12(b)(6) motion, this Court must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff." *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996). A court may dismiss a complaint only if it is clear that "plaintiff would not be entitled to relief under any set of facts that could be proved

consistent with the allegations." *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir.1997). "In evaluating whether a plaintiff has met these requirements, we hold complaints prepared pro se 'to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)) (per curiam). "Still, this standard is not without limits, and all normal rules of pleading are not absolutely suspended." *Stinson v. Sheriff's Dep't of Sullivan County*, 499 F.Supp. 259, 262 (S.D.N.Y.1980).

## III. Analysis

### Plaintiff's Claims Against the Coop Defendants

The Coop Defendants argue that "Plaintiff's current action is barred by the doctrines of collateral estoppel and res judicata" and "Defendants adopt the arguments raised by the State of New York in the September 2, 2003 letter to the court, [which includes, among other things, an argument based on the *Rooker–Feldman* doctrine]." (Coop Def. Br. at Point 1, Argument.) Plaintiff acknowledges these issues of preclusion: "I have read Federal case laws and I am familiar with several case laws regarding subject matter jurisdiction and possibility of res judicata in federal court. However, since I was not given the full and equal protection in state courts, I believe that I have constitutional rights to be heard in federal courts regard-

---

— "non-payment [of Coop fees] in Landlord Tenant Court (Compl. ¶¶ 76–79 (referring to *17 East 89th Street v. Tsabbar*, Index No. 90544/01));
— an alleged illegal subletter (Compl. ¶¶ 80–87 (referring to *Tsabbar v. 17 East 89th Street*, Index No. 103066/02));
— an eviction proceeding (Compl. ¶¶ 88–97 (referring to *17 East 89th Street v. Tsabbar*, Index No. 111258/02)); and

— a small claims action regarding costs for denial of a proposed sublet, *Tsabbar v. 17 East 89th Street Tenants, Inc.*, Index No. 4243/01 (N.Y.Civ.Ct. Jan. 9, 2002) ('Motion to dismiss is academic in view of plaintiff's withdrawal of this small claims action arising from costs incurred as a result of defendant coop board refusal to permit a sublet.'").

ing my entire claims and causes of action." (Compl.¶ 98.)

 " '[I]nferior federal courts have no subject matter jurisdiction over cases that effectively seek review of judgments of state courts and ... federal review, if any, can occur only by way of a certiorari petition to the Supreme Court.' " *Santini v. Conn. Hazardous Waste Mgmt. Serv.*, 342 F.3d 118 (2d Cir.2003) (citation omitted). "*Rooker–Feldman* bars those claims that were adjudicated in a prior state court action, as well as those claims that are 'inextricably intertwined' with the state court judgment.... We have held that 'inextricably intertwined' " means, at a minimum, that where a federal plaintiff had an opportunity to litigate a claim in a state proceeding ..., subsequent litigation of the claim will be barred under the *Rooker–Feldman* doctrine if it would be barred under the principles of preclusion.' " *Id.* (citations omitted).

There is no question that each of Plaintiff's claims presented here was either (i) raised, considered, and rejected by one of the state courts that issued a decision in these actions or (ii) could have been raised in one of the state court actions and are, therefore, "inextricably intertwined" with the state court rulings and judgments. *See, e.g., Tsabbar v. Auld, et al.*, Index No.

120641/97, at 3 (N.Y.Sup.Ct. Sept. 4, 2001) ("In its prior decisions the court exhaustively discussed plaintiff's arguments that he was excepted from the requirement in the proprietary lease that Board approval was required before any additional occupant would be permitted to share the premises with him."); *Tsabbar v. Delena, et al.*, Index No. 603578/01, at 1–2 (N.Y.Sup.Ct. Sept. 24, 2001) ("The doctrines of res judicata and collateral estoppel bars [sic] this action."; "It warrants repeating that both Justice Omansky and the Appellate Division have already determined that the plaintiff must obtain the cooperative's permission for all additional occupants.").

Consequently, this Court does not have subject matter jurisdiction over the claims against the Coop Defendants. *See De-Pasquale v. Allstate Ins. Co.*, 179 F.Supp.2d 51, 59 (E.D.N.Y.) ("*Rooker–Feldman* divests this court of jurisdiction ...."), *aff'd by summary order*, 02–7132, 2002 WL 31520500 (2d Cir. Oct.31, 2002) (unpublished decision).[4]

**Plaintiff's Claims Against the State Defendants**

The State Defendants argue that "[t]he Eleventh Amendment to the United States Constitution bars Plaintiff's suit against Defendant 'State of New York' " (State Def. Br. at 2) and that "[a]lthough plaintiff

---

**4.** Because the Court dismisses the claims against the Coop Defendants for lack of subject matter jurisdiction, the Court need not rule upon the applicability of res judicata and collateral estoppel. *See Harris v. N.Y.S. Dep't of Health*, 202 F.Supp.2d 143, 161 (S.D.N.Y. 2002) ("[A]pplication of res judicata and collateral estoppel presumes the exercise of the court's subject matter jurisdiction to review so much of the merits of a particular action as would allow a substantive determination of what issues or claims may have been resolved in some prior proceeding, thereafter barring collateral relitigation ...."). The Court notes, however, that the Appellate Division, First Department of the New York State Su-

preme Court has held that res judicata and collateral estoppel apply to these claims. *Tsabbar v. Delena*, 300 A.D.2d 196, 196–97, 752 N.Y.S.2d 636, 636–37 (1st Dep't 2002) ("Plaintiff has now commenced the instant action, alleging, inter alia, disparate and inequitable cooperative share allocation and that defendants have treated plaintiff in a discriminatory and disparate manner by selectively enforcing sublease requirements and preventing him from engaging in business ventures with other professionals seeking to utilize his office space. The claims now asserted were properly dismissed since they are barred by the doctrines of res judicata and collateral estoppel.").

has not named any Supreme Court Justice as a defendant in this action, it is likely that the justices identified in the complaint are the state officials plaintiff would name if he were permitted to amend his complaint. ... Any cause of action plaintiff might assert against these justices would be independently barred by the doctrine of judicial immunity." (*Id.* at 4.)[5]

■ Plaintiff's claims against the State Defendants cannot survive the instant motions. While, for example Plaintiff alleges violations of "Plaintiff's civil rights under Title 18 U.S. Constitution [sic]" (Compl.¶ 137), the civil rights provisions of Title 18 (Criminal Procedure) of the U.S.Code do not allow private rights of action, *see Dugar v. Coughlin,* 613 F.Supp. 849, 852 (S.D.N.Y.1985) ("Plaintiff's complaint states that his action also 'arises under' sections 4, 241, 242, 245 ... of Title 18. Sections 241, 242, and 245 relate to deprivation of civil rights, however there is no private right of action under any of these statutes.").

Reading the complaint (very) liberally, the Court construes Plaintiff's claims against State Defendants as claims for denial of constitutional rights under 42 U.S.C. § 1983. (*See, e.g.,* Compl. ¶ 131 (alleging violation of Plaintiff's rights under the "First amendment of U.S. Constitution").) But such claims are also unpersuasive.

■ That is, to the extent Plaintiff's claims seek damages against the State Defendants in their official capacities, the Eleventh Amendment to the U.S. Constitution is a barrier. *See Berman Enters., Inc. v. Jorling,* 3 F.3d 602, 606 (2d Cir. 1993) ("To the extent that the suit [seeks] damages from defendants in their official capacities, dismissal under the eleventh amendment was proper because a suit against a state official in his official capacity is, in effect, a suit against the state itself, which is barred.").

■ To the extent Plaintiff seeks damages from the State Defendants in their individual capacities, judicial immunity is a barrier. *See Montero v. Travis,* 171 F.3d 757, 760 (2d Cir.1999) ("It is, however, well established that officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages."); *Sundwall v. Leuba,* 00 Civ. 1309, 2001 WL 58834, at *4 (D.Conn. Jan. 23, 2001) ("[A] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors. ... [A] judge is immune only for actions performed in his judicial capacity." (internal quotations and citations omitted)), *aff'd by summary order,* 28 Fed. Appx. 11, 2002 WL 10401 (2d Cir.2001) (unpublished decision); *see also id.* at *5 (holding that judicial immunity barred the claims in part because "[e]ach of the actions attributed to the defendants in the First Amended Complaint took place within the proceedings of the foreclosure action brought against the plaintiff in state court").

■ To the extent Plaintiff's claims seek injunctive and declaratory relief (against the State Defendants in either their official or individual capacities), the *Rooker–Feldman* doctrine is a barrier. *See Sundwall,* 2001 WL 58834, at *6–*7 ("Here, the plaintiff seeks for this court to prevent these three state defendants [ (two state court justices and a state court judge) ] from enforcing state court orders. To do so would embroil it in the evaluation [of] the correctness of the actions taken by Judge Holzberg in the plaintiff's individual

---

5. The State Defendants also argue that the "Court does not have jurisdiction to review state court proceedings" under the *Rooker–Feldman* doctrine. (State Def. Br. at 3.)

state case and to, in effect, decide whether to reverse or vacate Judge Holzberg's orders as if sitting as a state court of appeal. This is precisely what the *Rooker–Feldman* doctrine forbids federal courts from doing. Furthermore, the plaintiff's requested declaratory relief, to the extent that she seeks for this court to review and declare invalid the lower state court's orders, also seeks for the court to take precisely the sort of action that *Rooker–Feldman* is designed to prohibit." (citations omitted)).[6]

**Plaintiff's Motion by Order to Show Cause for a Temporary Restraining Order**

Because the complaint is being dismissed, the Court denies Plaintiff's motion for a temporary restraining order. *See Word v. Croce,* 230 F.Supp.2d 504, 515 (S.D.N.Y.2002) ("Because Plaintiff's case is dismissed, Plaintiff's request for a preliminary injunction is denied as moot."); *Free Speech v. Reno,* 98 Civ. 2680, 1999 WL 147743, at \* (S.D.N.Y. Mar. 18, 1999) ("Because I have dismissed each of plaintiffs' claims for the reasons stated above, plaintiffs' request for a preliminary injunction is moot, and therefore is denied."), *aff'd,* 200 F.3d 63 (2d Cir.1999) (per curiam).

**IV. Conclusion**

For the reasons stated herein, the Court denies Plaintiff's application for a temporary restraining order and grants the Coop Defendants' and the State Defen-

dants' motions to dismiss the Complaint. The Court respectfully requests that Clerk close this case.

---

6. In conclusory terms and sweeping generalizations, Plaintiff also appears to claim—based upon multiple adverse state court decisions and rumors (*see, e.g.,* Compl. ¶ 98 ("The Chief Court administrator's mother lived in the building, the Chief Justice of Court of appeals has an office in the same building of the defendant's attorney."))—that the State Defendants engaged in a "conspiracy" to violate his rights. (*See* Compl. ¶ 128 ("The Fifteenth Cause of action is against Defendant State of New York and the Justices

who have politically been motivated and conspired to deprive Plaintiff of his rights . . . .").) If this, in fact, is what Plaintiff seeks to argue, he fails to state a claim. *See Sundwall,* 2001 WL 58834, at \*1 ("The law is well-settled that, even when brought by a *pro se* plaintiff, 'a "complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." ' " (citing *Gyadu v. Hartford Ins., Co.,* 197 F.3d 590, 591 (2d Cir.1999))).