■ ROBERTO G. MENDOZA, Appellant, v JEROME S. RUBIN et al., Respondents. ROBERTO G. MENDOZA, Respondent, v JEROME S. RUBIN et al., Appellants. [766 NYS2d 549] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered July 16, 2002, dismissing the complaint and bringing up for review an order, same court and Justice, entered June 5, 2002, which, inter alia, granted defendants' motion for summary judgment, unanimously affirmed, without costs. Appeal from said order unanimously dismissed, as subsumed in the appeal from the judgment. Appeal from order, same court and Justice, entered July 18, 2001, which denied defendants' motion to dismiss, unanimously dismissed as moot, without costs.

The physical delivery of an executed contract of sale was a condition precedent to the existence of a binding agreement for the purchase of plaintiff's cooperative apartment (see *219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 512 [1979]), and defendants did nothing to frustrate the performance of that condition; plaintiff's attorney, without legal basis, simply failed to deliver the subject documents after signing them on her client's behalf. In addition, the facts do not support the application of equitable estoppel (see *Taylor v Blaylock & Partners*, 240 AD2d 289, 290 [1997]); nor do they support a finding of promissory estoppel (see *Tsabbar v Auld*, 289 AD2d 115 [2001], *lv denied* 98 NY2d 613 [2002]).

We have considered plaintiff's other contentions and find them unavailing. Concur—Tom, J.P., Andrias, Saxe and Williams, JJ.