■ 17 East 89th Street Tenants, Inc., Respondent, v Zion Tsabbar, Appellant. [775 NYS2d 142]—

Order and judgment (one paper), Supreme Court, New York County (Joan A. Madden, J.), entered April 29, 2003, which denied defendant's motion to dismiss and granted plaintiff summary judgment on its entire complaint, including claims for ejectment, use and occupancy, attorney fees and rent arrears, unanimously affirmed, without costs.

The record reflects proper service of the notices of default and termination. The affirmative defense challenging the manner of service of the summons and complaint was waived when defendant failed to specify this ground in his subsequent motion to dismiss (CPLR 3211 [e]).

Defendant is barred by collateral estoppel and res judicata from seeking to compel plaintiff to appear for pretrial examination for the purpose of trying to verify his right to sublet, because this issue has already been decided in prior litigation, viz., *Tsabbar v Auld* (276 AD2d 442 [2000]; 289 AD2d 115

[2001], *lv denied* 98 NY2d 613 [2002]; *see Tsabbar v Delena,* 300 AD2d 196, 197 [2002], *lv denied* 100 NY2d 508 [2003]). Likewise, these doctrines bar defendant's assertions that he was not in breach of the lease by having an employee in his office one day a week, and that the court erred in granting plaintiff's cross motion because of disparate treatment and questions of fact (*Tsabbar v Delena, supra*). Moreover, since defendant's proprietary lease terminated long before plaintiff commenced the instant ejectment action, the IAS court was powerless to revive the expired lease by evaluating the underlying dispute (*see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.,* 93 NY2d 508, 513 [1999]).

We have considered defendant's remaining claims and find them without merit. Concur—Andrias, J.P., Williams, Friedman, Marlow and Gonzalez, JJ.