**Zion TSABBAR, Plaintiff–Appellant,**

v.

**Francis BOOTH, Margaret Ternes, Lloyd Heller, Mary Ann Auld, David Delena, 17 East 89th Street Tenants Inc., Insignia Residential Group, State of New York, Defendants–Appellees.**

No. 03–9200.

United States Court of Appeals, Second Circuit.

Dec. 17, 2004.

Zion Tsabbar, Fresh Meadows, NY, for Appellant.

514

Glenn Parker, Hoey King Toker & Epstein, New York, NY, for Appellees, Francis Booth, Margaret Ternes, Lloyd Heller, Mary Ann Auld, David Delena, 17 East 89th Street Tenants Inc., Insignia Residential Group.

(On submission: Eliot Spitzer, Attorney General, State of New York, New York, NY, Caitlin J. Halligan, Solicitor General, State of New York, Office of the Attorney General, New York, NY, Shaifali Puri, Assistant Solicitor General, State of New York, Office of the Attorney General, New York, NY), for Appellees, State of New York.

PRESENT: OAKES, JACOBS, and CABRANES, Circuit Judges.

## SUMMARY ORDER

Zion Tsabbar appeals from a September 29, 2003 judgment of the United States District Court for the Southern District of New York (Berman, *J.*), dismissing Tsabbar's claims against various individuals associated with a residential co-op (the "Co-op defendants") and the State of New York (the "New York State defendants"). We assume that the parties are familiar with the facts, the procedural history and the scope of the issues presented on appeal.

All of Tsabbar's current claims against the Co-op defendants were previously raised or could have been raised by Tsabbar in state court. Those claims are thus barred by the *Rooker–Feldman* doctrine: "inferior federal courts lack subject matter jurisdiction 'over cases that effectively seek review of judgments of state courts and that federal review, if any, can occur only by way of a certiorari petition to the Supreme Court.'" *Phifer v. City of New York,* 289 F.3d 49, 55 (2d Cir.2002) (quoting *Moccio v. New York State Office of Court Admin.,* 95 F.3d 195, 197 (2d Cir. 1996)).

Tsabbar's claims against the New York State Defendants, challenging the conduct of New York State judges, are barred by either the Eleventh Amendment to the United States Constitution or the doctrine of judicial immunity, or both. *See Davis v. New York,* 316 F.3d 93, 101 (2d Cir.2002); *Tucker v. Outwater,* 118 F.3d 930, 932–33 (2d Cir.1997). To the extent Tsabbar's claims against the New York State defendants seek a reversal of prior decisions of the New York State courts, those claims are barred by the *Rooker–Feldman* doctrine.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.