■ ZION TSABBAR, D.D.S., Appellant, v MARYANN AULD et al., Respondents. [809 NYS2d 66]—

Order, Supreme Court, New York County (Paula J. Omansky, J.), entered December 1, 2004, which denied plaintiff's motion pursuant to CPLR 5015 (a) (3) to vacate orders entered on or about October 13, 1999 and January 18, 2001, unanimously affirmed, with costs. Sanctions for frivolous conduct are imposed upon plaintiff pursuant to 22 NYCRR 130-1.1 in the amount of $5,000, and the Clerk of Supreme Court, New York County is directed to enter judgment in that amount against plaintiff, payable to the Lawyers' Fund for Client Protection. Defendants are also awarded such attorneys' fees and expenses as were reasonably incurred by them in responding to the motion, inclusive of those incurred upon this appeal, and the matter remanded for a determination of the amount thereof. The clerks of Supreme Court, New York and Bronx counties, and the Clerk of this Court, are directed to accept no filings from this plaintiff as to this matter without the prior leave of their respective courts.

Plaintiff's motion to vacate prior orders was properly denied since the claims made by plaintiff in support of vacatur are barred by the doctrines of res judicata and collateral estoppel (*see generally Matter of Reilly v Reid*, 45 NY2d 24 [1978]). Plaintiff's present motion practice is only the most recent installment in his protracted, highly litigious and uniformly unsuccessful quest to sublet his professional cooperative apartment without board approval (*see Tsabbar v Auld*, 276 AD2d 442 [2000]; 289 AD2d 115 [2001], *lv denied* 98 NY2d 613 [2002]; *Tsabbar v Delena*, 300 AD2d 196 [2002], *lv denied* 100 NY2d 508 [2003]; *17 E. 89th St. Tenants v Tsabbar*, 6 AD3d 309 [2004], *lv denied in part and dismissed in part* 3 NY3d 686 [2004], *cert denied* 544 US 979 [2005]; *Tsabbar v Booth*, 293 F Supp 2d 328 [SD NY 2003], *affd* 115 Fed Appx 513 [2d Cir 2004]). Three years ago, in affirming the dismissal of certain of plaintiff's claims against defendants as barred by the doctrines of res judicata and collateral estoppel, we warned plaintiff that further litigation against these defendants would be sanctionable pursuant to 22 NYCRR 130-1.1 (a) and (c) (*Tsabbar v Delena*, 300 AD2d at 197). Inasmuch as plaintiff, undeterred, has, by bringing the instant motion, continued to press the same patently meritless claims, sanctions for frivolous conduct should now be imposed and defendants reimbursed for the reasonable expenses and attorneys' fees incurred by them in responding to the motion (*see* 22 NYCRR 130-1.1; *Matter of Sud v Sud*, 227 AD2d 319 [1996]).

We have considered plaintiff's remaining arguments and find them without merit. Concur—Buckley, P.J., Sullivan, Williams, Gonzalez and Catterson, JJ.