■ PAUL BROTHERS, Respondent, v NEW YORK STATE ELECTRIC AND GAS CORPORATION, Appellant, et al., Defendants. [842 NYS2d 812]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered August 14, 2006 in a personal injury action. The order, insofar as appealed from, granted in part plaintiff's motion for partial summary judgment against defendant New York State Electric and Gas Corporation and denied the motion of that defendant for summary judgment dismissing the complaint against it.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, plaintiff's motion is denied in its entirety, the motion of defendant New York State Electric and Gas Corporation is granted and the complaint against that defendant is dismissed.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained during the course of his employment when he was struck by an aerial lift truck operated by a coworker. New York State Electric and Gas Corporation (defendant) had contracted with plaintiff's employer, Tamarack Forestry Service, Inc. (Tamarack), to furnish all necessary labor, supervision and equipment to clear trees and brush along certain of defendant's electric lines, including those in the area in which plaintiff was working at the time of the accident. De-

fendant routinely obtained annual blanket highway work permits from the New York State Department of Transportation (DOT) for work to be performed along state highways, and had obtained such a work permit for the location where plaintiff was injured. Pursuant to the terms of the work permit, defendant was required to comply with various federal and state worker safety regulations.

Supreme Court erred in granting that part of plaintiff's motion for partial summary judgment on the issue of defendant's negligence and in denying the motion of defendant for summary judgment dismissing the complaint against it. Generally, "a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts" (*Kleeman v Rheingold*, 81 NY2d 270, 273 [1993]; *see Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668 [1992], *rearg dismissed* 82 NY2d 825 [1993]). There are exceptions to that general rule in instances in which the employer's duty is held to be nondelegable, in which case the employer is liable for an independent contractor's negligence (*see Rosenberg*, 79 NY2d at 668). Plaintiff contends that the exception to the general rule pursuant to which the employer has assumed a contractual duty applies in this case (*see id.*), because the work permit issued to defendant is a contract pursuant to which defendant voluntarily assumed a nondelegable duty to comply with various federal and state worker safety regulations. We reject that contention. While in certain instances a DOT permit may constitute a contract (*see generally Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589-591 [1999], *rearg denied* 93 NY2d 1042 [1999]), the work permit at issue in this case does not constitute a contract. The DOT did not contract with defendant for tree trimming and removal. Rather, defendant hired Tamarack to trim and remove trees for the benefit of defendant in maintaining its electric lines. Defendant merely sought the permission of DOT to perform that work within state highway rights-of-way. Thus, the work permit is merely a license issued by the DOT to defendant inasmuch as it "confers only the nonexclusive, revocable right to enter the land of the licensor to perform an act" (*Nextel of N.Y. v Time Mgt. Corp.*, 297 AD2d 282, 282 [2002]), and defendant therefore did not assume any duty running to plaintiff under the work permit. Further, the work performed for defendant by Tamarack was for the benefit of defendant and not the general public, and Tamarack, as an employer, has the duty to provide its employees with a safe workplace (*see generally* Labor Law § 200). We thus discern no public policy reason to expand the exception for

contractually assumed duties to include work permits such as the one obtained by defendant. Rather, to do so would expand the scope of duty of an electric utility company such as defendant beyond any reasonable limit. Because defendant cannot be held vicariously liable for the negligence of Tamarack, it is entitled to summary judgment dismissing the complaint against it.

In light of our decision, we need not reach defendant's remaining contentions. Present—Hurlbutt, J.P., Gorski, Lunn, Fahey and Peradotto, JJ.