■ Frank Mirasola, Respondent-Appellant, v Advanced Capital Group, Inc., Appellant-Respondent. [905 NYS2d 180]—

In an action to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Weber, J.), dated November 20, 2008, as denied those branches of its cross motion which were for summary judgment dismissing the complaint and for summary judgment on its first counterclaim alleging breach of contract, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied that branch of his motion which was for summary judgment on the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's cross motion which was for summary judgment dismissing the plaintiff's first cause of action, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The defendant, Advanced Capital Group, Inc. (hereinafter ACG), is a mortgage broker that deals in residential mortgages. ACG hired the plaintiff, Frank Mirasola, as a sales associate and

mortgage loan originator in October 2004. In December 2006, ACG signed an agreement to lease property at 4155 Veterans Highway, Suite 9, Ronkonkoma, and Mirasola became the branch manager of the Ronkonkoma office. The branch manager agreement gave ACG the right to terminate the contract without notice if the "Manager contracts or seeks employment with any other mortgage company." An addendum to that agreement provided for the manner of calculating Mirasola's compensation, which included subtracting rent, utilities, and other overhead from the commissions he generated.

ACG terminated Mirasola from his position as branch manager on December 5, 2007. In an e-mail that same day, Mirasola admitted seeking employment from another business. Mirasola thereafter commenced this action, alleging that ACG had breached a sublease he had on the Ronkonkoma premises, and that ACG had breached the branch manager agreement by withholding commissions from him after his termination. ACG counterclaimed that Mirasola had breached the branch manager agreement by, among other things, failing to supervise employees, and by causing ACG to become the defendant in an action alleging the violation of federal law. The parties moved and cross-moved, respectively, for summary judgment and, in an order dated November 20, 2008, the Supreme Court denied both motions in their entirety. The defendant appealed and the plaintiff cross-appealed from the order. We modify.

"The central distinguishing characteristic of a lease is the surrender of absolute possession and control of property to another party for an agreed-upon rental" (*Matter of Dodgertown Homeowners Assn. v City of New York,* 235 AD2d 538, 539 [1997]; *Matter of Davis v Dinkins,* 206 AD2d 365 [1994]; *see also Matter of Nextel of N.Y. v Time Mgt. Corp.,* 297 AD2d 282, 282-283 [2002]). A license gives no interest in land. It confers only the nonexclusive, revocable right to enter the land of the licensor to perform an act (*see Miller v City of New York,* 15 NY2d 34 [1964]; *Linro Equip. Corp. v Westage Tower Assoc.,* 233 AD2d 824 [1996]; 49 NY Jur 2d, Easements § 196). Whether a given agreement is a lease or a license depends upon the parties' intentions (*see Linro Equip. Corp. v Westage Tower Assoc.,* 233 AD2d 824 [1996]; *Dime Laundry Serv. v 230 Apts. Corp.,* 120 Misc 2d 399 [1983]).

Here, ACG established its prima facie entitlement to judgment as a matter of law with respect to the first cause of action by submitting its own lease on the Ronkonkoma premises, its branch manager agreement with Mirasola, the addendum to that agreement, and utility bills in ACG's name, all of which

demonstrated that ACG was the lessee of the premises, and that Mirasola was simply ACG's employee. Contrary to Mirasola's contention, this evidence established that Mirasola had no sublease on the property. Mirasola failed to raise a triable issue of fact in opposition. Therefore, the Supreme Court should have dismissed Mirasola's first cause of action alleging that ACG breached the sublease (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The Supreme Court properly determined that neither party established their prima facie entitlement to judgment as a matter of law on Mirasola's second cause of action, as neither party submitted any competent evidence demonstrating whether ACG had withheld commissions from Mirasola. Moreover, the Supreme Court also properly determined that ACG failed to establish prima facie entitlement to judgment as a matter of law on its first counterclaim, as it failed to submit any evidence that Mirasola breached the branch manager agreement entitling it to damages. Mirasola's act of seeking other employment merely gave ACG the right to terminate his employment (*id.*). Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur.