■ AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, et al., Respondents, v MOTIVATED SECURITY SERVICES, INC., Appellant. [48 NYS3d 591]—

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about August 16, 2016, which denied defendant's motion to dismiss the complaint, unanimously affirmed, with costs.

Although, in support of its motion to dismiss, defendant demonstrated that plaintiff SBF is not an intended third-party beneficiary of defendant's security contract with a nonparty (*see generally Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38, 43-45 [1985]; *see also Bernal v Pinkerton's, Inc.*, 52 AD2d 760 [1st Dept 1976], *affd* 41 NY2d 938 [1977]), plaintiffs' complaint, as supplemented by the affidavit of SBF's president (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]), sufficiently alleges a cause of action for negligence. In particular, plaintiff sufficiently alleges that SBF detrimentally relied upon defendant's performance of its contractual duties (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). While defendant contends that the security contracts did not require it to patrol the lot where the subject crane was stored, the documents do not conclusively establish that its responsibilities were so limited (*see Leon*, 84 NY2d at 88). Further, the complaint and affidavit adequately show that plaintiffs had "actual knowledge" of the security contracts, as required to establish detrimental reliance (*Aiello v Burns Intl. Sec. Servs. Corp.*, 110 AD3d 234, 246 [1st Dept 2013]).

The motion court properly considered the out-of-state affidavit of SBF's president, even though it lacks a certificate of conformity (CPLR 2309 [c]). The lack of such certification is not a fatal defect and the irregularity may be corrected later (*see Matapos Tech. Ltd. v Compania Andina de Comercio Ltda*, 68 AD3d 672, 673 [1st Dept 2009]; CPLR 2001). Concur—Tom, J.P., Acosta, Richter, Manzanet-Daniels and Kahn, JJ.