Chupack v Gomez (2018 NY Slip Op 02544)





Chupack v Gomez


2018 NY Slip Op 02544


Decided on April 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 12, 2018

Richter, J.P., Manzanet-Daniels, Andrias, Kapnick, Webber, JJ.


6201 151348/14

[*1]Cindy Chupack, Plaintiff-Appellant-Respondent,
v
Rebecca Gomez also known as Rebecca Flores, et al., Defendants-Respondents-Appellants, Ian Wallach, Nonparty Appellant-Respondent.


The Greenberg Law Firm, LLP, Purchase (Bill Greenberg of counsel), for appellants-respondents.
Thomas S. Fleishell & Associates, P.C., New York (Thomas S. Fleishell of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered May 9, 2017, which, to the extent appealed from as limited by the briefs, granted defendants Rebecca Gomez, Michael Flores and 13 East 9th Street, LLC's motion for summary judgment dismissing the breach of contract and fraudulent conveyance causes of action as against them and on their breach of contract counterclaim, and granted their request for costs and sanctions against plaintiff and nonparty Ian Wallach, her attorney, to the extent of awarding them $5,000, unanimously modified, on the law, to vacate the award of costs and sanctions against nonparty appellant, and to direct that plaintiff pay the entire $5,000 award, and otherwise affirmed, without costs.
The court properly ordered plaintiff to pay costs directly to defendants (see 22 NYCRR 130-1.1[a]; Premier Capital v Damon Realty Corp., 299 AD2d 158, 158-159 [1st Dept 2002]). The court fully explained its decision to impose a monetary award, and its determination of the amount, and we see no basis for disturbing the court's exercise of discretion in doing so (Tsabbar v Auld, 26 AD3d 233, 234 [1st Dept 2006]). Although we are concerned about the nonparty appellant's actions in this case, the court should not have directed him to pay half the award because the notice of motion did not seek such relief nor was it clear from the affirmation in support that sanctions were being sought against both plaintiff and her counsel (see Bogan v Royal Realty Co., 209 AD2d 178, 179 [1st Dept 1994]).
In opposition to defendants' prima facie showing that plaintiff's breach of contract and fraudulent conveyance claims were without merit and that there was no defense to their breach of contract counterclaim, plaintiff failed to raise an issue of fact, even considering her out-of-state affidavits, to which she failed to attached a certificate of conformity (see CPLR 2309[c]; American Cas. Co. of Reading, Pennsylvania v Motivated Sec. Servs., Inc., 148 AD3d 521, 521 [1st Dept 2017]; CPLR 2001). The emails exchanged between the parties, in which all the material terms were offered and accepted, establishes the existence of an enforceable agreement (see Kowalchuk v Stroup, 61 AD3d 118, 122 [1st Dept 2009]; cf. Mark Bruce Intl., Inc. v Blank Rome, LLP, 60 AD3d 550, 551 [1st Dept 2009] ["The exchange of e-mails, which did not set forth the fee for plaintiff's services or an objective standard to determine it, was too indefinite to be enforceable"]). Plaintiff's affidavit saying that she never signed a lease agreement does not avail her, since the parties gave no indication that they intended to be bound only by a written agreement (Kowalchuk, 61 AD3d at 123). Plaintiff also failed to present any evidence that controverts the record evidence showing that defendants attempted to re-rent the apartment and mitigate their damages.
The factual allegations underlying plaintiff's fraudulent conveyance claim, e.g., that defendants' limited liability company was formed with "intent to hinder, delay, or defraud either present or future creditors," are insufficiently detailed, and plaintiff's affidavit does nothing to cure the deficiency (see CPLR 3016][b]; Wildman & Bernhardt Constr. v BPM Assoc., 273 AD2d 38, 38-39 [1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 12, 2018
CLERK