■ SPRING-GAR COMMUNITY CIVIC ASSOCIATION, INC., et al., Respondents, v HOMES FOR THE HOMELESS, INC., et al., Defendants, and CITY OF NEW YORK et al., Appellants.—In an action seeking an injunction against the defendants' use of the premises known as the Saratoga Inn in Queens as a residential facility for homeless families, the appeal is from so much of a judgment of the Supreme Court, Queens County (Zelman, J.), dated June 29, 1987, as directed the City of New York to review that use in accordance with the New York State Environmental Quality Review Act and the New York City Environmental Quality Review Order.

Ordered that the judgment is reversed insofar as appealed from, with costs, and the complaint is dismissed in its entirety.

In this matter, a neighborhood organization from Springfield Gardens, Queens, and others, seek to prevent the defendant City of New York and its agencies from referring homeless families to a former hotel now operated as a private shelter for the homeless. Finding that the plaintiffs' fears of increased crime in the neighborhood and decreased property values were entirely speculative and that the equities clearly weighed in favor of relieving the "life threatening" plight of homeless families seeking shelter, the Supreme Court denied the request for injunctive relief. In view of the court's recognition that an emergency situation currently exists in New York City with regard to the defendant city's legal and moral obligation to shelter a growing number of homeless families *(see, McCain v Koch,* 117 AD2d 198), the court erred in ordering the city to "proceed forthwith" with environmental review procedures in accordance with the New York State Environmental Quality Review Act (ECL art 8), and the New York City Environmental Quality Review Order ([CEQR]; Mayoral Executive Order No. 91 of 1977). The statutory provisions requiring review of the potential environmental impacts of governmental actions contain a specific exemption for "emergency actions which are immediately necessary on a limited and temporary basis for the protection or preservation of life [and] health" (6 NYCRR 617.2 [q] [4]; CEQR § 4 [h]; *see also, Matter of Board of Visitors—Marcy Psychiatric Center v Coughlin,* 60 NY2d 14; *Matter of Silver v Koch,* 137 AD2d 467). The plaintiffs' complaint should therefore be dismissed. Rubin, J. P., Kooper, Sullivan and Harwood, JJ., concur.