■ TOWN OF HUNTINGTON, Respondent, v PIERCE ARROW REALTY CORP. et al., Appellants. [627 NYS2d 787] —In an action to permanently enjoin the defendants from operating a bar or

restaurant as an adult entertainment cabaret, the defendants appeal from an order of the Supreme Court, Suffolk County (Floyd, J.), entered August 13, 1993, which granted the plaintiff's application for a preliminary injunction.

Ordered that the order is reversed, on the law, without costs or disbursements, the application is denied, and the preliminary injunction is vacated.

The record on appeal does not support the granting of the preliminary injunction herein. At issue is the constitutional validity of an ordinance of the Town of Huntington, enacted on January 22, 1991, which purports to restrict the location of premises containing an "adult use" to certain areas in the Town (Town of Huntington Code § 198-71 [D]). The defendants allegedly have owned and operated an "adult entertainment cabaret", as that term is defined by the ordinance in question, since 1981 (see, Town of Huntington Code § 198-71 [D] [2]).

The plaintiff, the Town of Huntington, sought and was granted a preliminary injunction enjoining the defendants from continuing the operation of an adult entertainment cabaret on their premises, pending a determination of the Town's action for a permanent injunction. We reverse. Town Law § 268 authorizes the plaintiff to seek preliminary injunctive relief without establishing special damage or injury to the public or the nonexistence of an adequate remedy at law (see, Town of E. Hampton v Buffa, 157 AD2d 714, 715). However, in order to obtain preliminary injunctive relief against a violation of its zoning ordinances, the plaintiff was compelled to show that it has a likelihood of ultimate success on the merits and that the equities are balanced in its favor (see, Town of Southampton v Sendlewski, 156 AD2d 669, 669-670; Town of Esopus v Fausto Simoes & Assocs., 145 AD2d 840; Town of Islip v Clark, 90 AD2d 500).

In the instant case, the record is devoid of any evidence that would tend to establish that the ordinance in question was enacted in conformance with various requirements of the Federal and State Constitutions (see, FW/ PBS, Inc. v Dallas, 493 US 215; Schad v Mount Ephraim, 452 US 61; Matter of Town of Islip v Caviglia, 73 NY2d 544, 553). Specifically, the Town did not address, much less establish, whether its ordinance provides reasonable alternative locations within the Town for adult-use establishments (cf., Renton v Playtime Theaters, 475 US 41; Matter of Town of Islip v Caviglia, 73 NY2d 544, supra). Nor did the Town demonstrate that its ordinance was reasonably limited to those establishments found to have a secondary detrimental effect on the community

*(see, Matter of Town of Islip v Caviglia,* 141 AD2d 148, 163-164, *affd* 73 NY2d 544, *supra).* In this regard, the Town did not produce proof, by testimony or affidavit, as to whether, prior to its enactment of the ordinance in question, it had conducted any studies, or had even reviewed comparable studies, concerning the deleterious effect upon the quality of life in its business community caused by the presence of adult-use establishments *(cf., Renton v Playtime Theaters,* 475 US 41, *supra).* Finally, the Town did not address, in its application for the preliminary injunction, the issue of whether the defendants are entitled to a reasonable amortization period to compensate them for their pre-existing use of the property *(see, Village of Valatie v Smith,* 83 NY2d 396, 400; *see also, Matter of Town of Islip v Caviglia,* 73 NY2d 544, *supra).*

Under these circumstances, it cannot be said that the Town established the likelihood of its success on the merits. Therefore, a preliminary injunction should not have been granted. Rosenblatt, J. P., Ritter, Copertino and Santucci, JJ., concur.