■ In the Matter of DODGERTOWN HOMEOWNERS ASSOCIATION, INC., et al., Respondents, and BARBARA BATTS et al., Respondents-Appellants, v CITY OF NEW YORK et al., Appellants-Respondents. [652 NYS2d 761] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondents to use Buildings 6 and 8 of the Kingsboro Psychiatric Center to house homeless men, to prohibit the use thereof pending compliance with the Uniform Land Use Review Procedure under New York City Charter § 197-c, and to compel compliance with the provisions of the Uniform Land Use Review Procedure under New York City Charter § 197-c, the appellants-respondents appeal, by permission and as limited by their papers, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated December 16, 1996, as prohibited them from taking further action with respect to construction, renovation, or occupancy of these buildings pending compliance with the provisions of the Uniform Land Use Review Procedure under New York City Charter § 197-c, and the petitioners Barbara Batts, Grace Tai, Clarence Norman, Jr., Nickolas Perry, and Major Owens cross-appeal from so much of the same order as dismissed the second through sixth causes of action.

Ordered that the order is modified by deleting the provision thereof which prohibited the appellants-respondents from taking further action with respect to construction, renovation or occupancy of the premises at the Kingsboro Psychiatric Center as a homeless shelter pending compliance with the requirements of the Uniform Land Use Review Procedure under New York City Charter § 197-c; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The petitioners commenced this proceeding, *inter alia,* to prohibit the appellants-respondents (hereinafter referred to collectively as the City) from housing up to 384 homeless men in Buildings 6 and 8 of the Kingsboro Psychiatric Center. The petitioners alleged, *inter alia,* that the agreement between the City and the State of New York, which owns the Kingsboro Psychiatric Center, to so use the premises constitutes a lease and not a permit as the City contends, and therefore is subject to the provisions of the Uniform Land Use Review Procedure (hereinafter ULURP) as set forth in New York City Charter § 197-c. The Supreme Court agreed, directed that the City comply with ULURP, and prohibited the City from constructing, renovating, or occupying the buildings until it had done so.

We agree with the Supreme Court that the agreement constitutes a lease. The central distinguishing characteristic of a lease is the surrender of absolute possession and control of property to another party for an agreed-upon rental *(see, Feder v Caliguira,* 8 NY2d 400; *Matter of Davis v Dinkins,* 206 AD2d 365, 366; *Slutzky v Cuomo,* 114 AD2d 116). In order for an agreement, oral or written, to be enforceable as a lease, all of the essential terms must be agreed upon *(see, Matter of Davis v Dinkins, supra,* at 366-367; *Mur-Mil Caterers v Werner,* 166 AD2d 565), including the area to be leased, the duration of the lease, and the price to be paid *(see, Matter of Davis v Dinkins, supra,* at 367; *Bernstein v 1995 Assocs.,* 185 AD2d 160). Here, the agreement provides that Buildings 6 and 8 of the Kingsboro Psychiatric Center are to be leased, that the duration of the lease is from October 1, 1996, until September 30, 1998, for Building 8, and from November 26, 1996, until September 30, 1998, for Building 6, at a rent of $150,000 for both buildings. As all the essential terms were agreed upon, the agreement is enforceable as a lease, and the requirements of ULURP apply *(see,* New York City Charter § 197-c [a] [10]). However, the petitioners are not entitled to prohibit the use of the buildings while the ULURP review goes forward. The petitioners may participate in the proceedings under ULURP while the City utilizes the premises *(see, Matter of Gerges v Koch,* 62 NY2d 84; *Matter of Greenpoint Renaissance Enter. Corp. v City of New York,* 137 AD2d 597). The ULURP review should proceed expeditiously.

The Supreme Court properly dismissed the petitioners' second through sixth causes of action *(see, Matter of Korn v Gulotta,* 72 NY2d 363; *Mesivta of Forest Hills Inst. v City of New York,* 58 NY2d 1013; *Matter of Turtle Bay Assn. v Dinkins,* 207 AD2d 670; *Spring-Gar Community Civic Assn. v Homes for Homeless,* 149 AD2d 581). Bracken, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.