■ In the Matter of LUCIA PLAZA et al., Appellants, v CITY OF NEW YORK et al., Respondents. (Proceeding No. 1.) In the Matter of LUCIA PLAZA et al., Appellants, v CITY OF NEW YORK et al., Respondents. (Proceeding No. 2.) [759 NYS2d 748] —In a hybrid proceeding pursuant to CPLR article 78 in the nature of prohibition, inter alia, to preliminarily enjoin the respondents from acquiring a homeless shelter, and an action for a judgment declaring that a contract between the respondent Department of Homeless Services of the City of New York and the respondent Doe Fund, Inc., is illegal based on the respondents' failure to review it pursuant to the Uniform Land Use Review Procedure under New York City Charter § 197-c (Proceeding No. 1), and a separate proceeding, inter alia, to review a negative declaration of the respondent Department of Homeless Services of the City of New York dated July 21, 2001, and to direct it to prepare an environmental impact statement and to comply with the requirements of the State Environmental Quality Review Act and the City Environmental Quality Review Act (proceeding No. 2), the petitioners appeal (1) by permission, as limited by their brief, from stated portions of an order of the Supreme Court, Kings County (Bernstein, J.), dated January 31, 2001, which, inter alia, denied that branch of the petition in proceeding No. 1 which was to declare that the contract is illegal based on the respondents' failure to review it pursuant to the Uniform Land Use Review Procedure under New York City Charter § 197-c, and (2) from a judgment of the same court (Bruno, J.), dated November 19, 2001, which denied the petition and dismissed proceeding No. 2.

Ordered that the order is affirmed insofar as appealed from and the judgment is affirmed, with one bill of costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the contract is not subject to review pursuant to the Uniform Land Use Review Procedure under New York City Charter § 197-c.

The City of New York is mandated by law and consent decree to provide housing to the homeless (*see Matter of Plotnick v City of New York,* 148 AD2d 721, 722 [1989]), which it does through its Department of Homeless Services (hereinafter the DHS). In June 2000, the DHS and the Doe Fund, Inc. (hereinafter the Doe Fund), a not-for-profit corporation which provides the homeless with a vast array of services, entered into a contract by which the Doe Fund would renovate and operate a shelter and transitional residence for approximately 400 adult homeless men in a currently vacant building in East Williamsburg, Brooklyn, which it purchased from a private entity. The

City agreed to pay the Doe Fund approximately $317,914 in prerenovation costs, to later advance $648,395 in start-up costs, and thereafter, to pay the Doe Fund $9,560,909 for its first year of operation.

The petitioners, a group of neighborhood residents and business owners, commenced a hybrid proceeding pursuant to CPLR article 78, inter alia, to preliminarily enjoin the respondents from acquiring a homeless shelter and an action for a judgment declaring that the contract is illegal based on the failure of the Doe Fund and DHS to review it pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) and the City Environmental Quality Review Act (Executive Order No. 91 of City of NY, Aug. 24, 1977; hereinafter CEQRA), and the Uniform Land Use Review Procedure under New York City Charter § 197-c (hereinafter ULURP). By order dated January 31, 2001, the Supreme Court determined that the contract was not subject to ULURP review and ordered the DHS to undertake and document a review of the contract to determine whether it was subject to SEQRA and CEQRA. No injunctive relief was granted.

In response to this order, the DHS, as the lead environmental agency, considered the proposed siting of the homeless shelter as an "unlisted action" subject to SEQRA and CEQRA, thereby triggering the necessity of the preparation of an environmental assessment statement (hereinafter EAS). An EAS was prepared pursuant to the relevant manuals and guidebooks resulting in the issuance of a negative declaration, finding that the proposed shelter would have no significant adverse effects on the environment. Based on this determination, the preparation of an environmental impact statement (hereinafter EIS) was not required.

The petitioners commenced a second proceeding pursuant to CPLR article 78 asserting, inter alia, that the EAS was inadequate and that an EIS was, in fact, required. They again sought injunctive relief barring the respondents from proceeding with the establishment of the shelter, and to review the negative declaration and direct the DHS to prepare an EIS.

In a judgment dated November 19, 2001, the Supreme Court denied the petition and dismissed the proceeding, finding that the negative declaration was proper and that an EIS was not necessary. The petitioners appeal from both the order and the judgment, and the appeals were consolidated by this Court.

We find that the contract between the DHS and the Doe Fund is not subject to ULURP as it is not a lease, or functionally equivalent to a lease, but is merely an agreement by which

the Doe Fund will acquire, renovate, and operate a transitional residence for homeless men. The central distinguishing characteristic of a lease is the surrender of absolute possession and control of property to another party for an agreed-upon rent (*see Davis v Dinkins,* 206 AD2d 365 [1994]; *Matter of Dodgertown Homeowners Assn. v City of New York,* 235 AD2d 538 [1997]). Here, the Supreme Court properly found that the subject contract does not constitute the surrender of absolute possession and control of property to another for an agreed-upon rent. Accordingly, it is not subject to ULURP.

The petitioners, in essence, maintain that in failing to prepare an EIS, the DHS performed, at best, a cursory analysis under SEQRA, thereby failing to strictly comply with the statute, as required by law. Specifically, they rely on the provision of SEQRA which requires that an EIS must be prepared for any action which "may have a significant adverse impact" on the environment (6 NYCRR 617.1 [c]), arguing that the term "environment" includes the character and health of the existing community (6 NYCRR 617.2 [*l*]), to which the DHS did not give proper consideration.

In analyzing and considering the foregoing, this Court may not substitute its judgment for that of the lead agency, but is required only to assure that the agency has complied with the mandates of CEQRA (*see Matter of Chemical Specialties Mfrs. Assn. v Jorling,* 85 NY2d 382 [1995]). In view of the lack of significant environmental impact, an EIS is not required (*see* 6 NYCRR 617.11, 617.13; ECL 8-0109 [2]; CEQRA 6-15 [b]). Courts have repeatedly held that a building's change in use, in and of itself, does not constitute an "action" under SEQRA or CEQRA unless the change has significant environmental impact (*see Matter of Town of Yorktown v New York State Dept. of Mental Hygiene,* 92 AD2d 897 [1983], *affd* 59 NY2d 999 [1983]). Accordingly, the EAS, and the DHS' issuance of a negative declaration rather than an EIS, were rationally based, not arbitrary, capricious, or an abuse of discretion, or violative of law, and the Supreme Court properly dismissed the proceeding (*see* CPLR 7803 [3]; *Matter of Chemical Specialties Mfrs. Assn. v Jorling, supra* at 396).

The petitioners' remaining contentions are without merit.

We note that since this is in part a declaratory judgment action, the Supreme Court should enter a judgment declaring that the contract between the DHS and the Doe Fund is not subject to review pursuant to the ULURP under New York City Charter § 197-c (*see Lanza v Wagner,* 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901

[1962]). S. Miller, J.P., Krausman, Luciano and Mastro, JJ.,
concur.