■ VILLAGE OF CHESTNUT RIDGE, Appellant, v WILLIAM ROFFINO, Respondent. [762 NYS2d 623] —In an action for a permanent injunction restraining the defendant from using his property in violation of both the Zoning Law of the Village of Chestnut Ridge and a prior determination of the Zoning Board of Appeals of the Village of Chestnut Ridge, the plaintiff appeals from (1) an order and judgment (one paper) of the Supreme Court, Rockland County (O'Rourke, J.), entered February 19, 2002, which denied its motion for a preliminary injunction and dismissed the action without prejudice, and (2) an order of the same court, dated March 26, 2002, which denied its motion for leave to reargue and/or renew its prior motion.

Ordered that the order and judgment is reversed, on the law and as a matter of discretion, the complaint is reinstated, and the plaintiff's motion for a preliminary injunction restraining

the defendant from continuing a commercial use on his property is granted; and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The defendant owns a parcel of property located in a "Neighborhood Shopping" zoning district in the plaintiff Village of Chestnut Ridge. The property is improved by a residential structure and a three-car garage, and was historically used for residential and commercial purposes. In 2000, the defendant, proceeding pro se, applied to the Building Inspector of the Village of Chestnut Ridge (hereinafter the Building Inspector) for a certificate of use allowing him to use the property for the retail sale and repair of power equipment. In a letter dated November 15, 2000, the Building Inspector denied the application. The defendant appealed the denial of his application to the Zoning Board of Appeals of the Village of Chestnut Ridge (hereinafter the ZBA), which denied the appeal. That determination was upheld by the Supreme Court.

The defendant nevertheless began to make use of the property for the business which he had proposed in his variance request, and the Village issued violations against him. When the defendant continued to operate the prohibited business on his property, the Village commenced this action for injunctive relief. In the interim, the defendant retained counsel and filed a second notice of appeal with the ZBA, essentially seeking to again review the Building Inspector's November 15, 2000, determination. The Village rejected the second notice of appeal on the ground that it did not emanate from a new determination by the Building Inspector.

The Village then made a motion for a temporary injunction restraining the defendant from operating the prohibited business on his property. The Supreme Court denied the Village's motion, finding that the Village should not have rejected the defendant's second notice of appeal, and that the second appeal triggered the automatic stay of Village Law § 7-712-a (6), thereby prohibiting the Village from both issuing any violations and instituting this action. The Supreme Court also dismissed the action without prejudice to renewal after the defendant received a determination from the ZBA on the second appeal. Thereafter, the Supreme Court denied the Village's motion for leave to reargue and/or renew its prior motion.

We conclude that the Supreme Court erred in denying the Village's motion for a preliminary injunction, and accordingly, reverse.

Village Law § 7-712-a (6) provides, in part, that an appeal to the ZBA "shall stay all proceedings in furtherance of the action appealed from." Here, however, the defendant did not make a new application for a Certificate of Use to the Building Inspector, and receive a new determination from which to appeal. Rather, he essentially attempted to take a second appeal to the ZBA from the Building Inspector's November 15, 2000, determination. This second appeal was barred by the doctrine of res judicata (see O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]), and did not trigger the automatic stay of Village Law § 7-712-a (6). Since the Village's action for injunctive relief stemmed from its determination on the defendant's initial application, which was upheld by the Supreme Court, the Village was entitled to seek relief to enforce its prior determination.

Village Law § 7-714 authorizes a village to institute an action for injunctive relief to enforce its zoning laws, and to obtain a temporary restraining order and preliminary injunction strictly enforcing its zoning ordinances without application of the three-pronged test for injunctive relief (see Incorporated Vil. of Freeport v Jefferson Indoor Mar., 162 AD2d 434 [1990]; Town of Brookhaven v Pesinkowski, 288 AD2d 371 [2001]). A village need not show irreparable harm, but must still demonstrate that it has a likelihood of success on the merits and that the equities are balanced in its favor (see Town of Huntington v Pierce Arrow Realty Corp., 216 AD2d 287 [1995]). Here, the Village satisfactorily demonstrated that the defendant was engaging in a commercial enterprise on his property in violation of both the ZBA's determination and the order of the Supreme Court, and that it would likely succeed on the merits. Moreover, we cannot say that the equities favor the defendant, who deliberately flouted the prior determination and court order. Accordingly, the Village is entitled to preliminary injunctive relief, and the complaint should be reinstated.

The appeal from so much of the order as denied that branch of the Village's motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument. The appeal from so much of that order as denied that branch of the motion which was for leave to renew must be dismissed as academic in light of our determination of the appeal from the order entered February 19, 2002. Altman, J.P., Florio, Adams and Rivera, JJ., concur.