■ Linda Steel, Respondent, v State of New York, Appellant. (Matter No. 1.) (Claim No. 100531.) Stephanie Dil-

LON, Respondent, v STATE OF NEW YORK, Appellant. (Matter No. 2.) (Claim No. 100814.) [762 NYS2d 883] —In related claims to recover damages for personal injuries and wrongful death, the defendant appeals, as limited by its brief, from so much of an order of the Court of Claims (Marin, J.), dated January 28, 2002, as directed a hearing on that branch of its cross motion which was for summary judgment dismissing the claims on the ground that the defendant was not negligent and as denied those branches of its cross motion which were for summary judgment dismissing the claims on the ground that they were barred by the doctrines of governmental immunity and judicial immunity.

Ordered that the appeal from so much of the order as directed a hearing to aid in the determination of that branch of the cross motion which was for summary judgment dismissing the claims on the ground that the defendant was not negligent is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The Court of Claims properly denied those branches of the defendant's cross motion which were for summary judgment dismissing the claims on the ground that they were barred by the doctrines of governmental immunity and judicial immunity. The actions of the employees of the County Court and Department of Correction which resulted in the premature release of the assailant were ministerial in nature and not entitled to governmental immunity (see Lauer v City of New York, 95 NY2d 95, 99 [2000]). Furthermore, the actions of the nonjudicial County Court employees which resulted in the erroneous transmittal of the Judge's sentencing determination regarding the assailant to the Department of Correction were not an integral part of the judicial decision-making process entitled to judicial immunity (see Mosher-Simons v County of Allegany, 99 NY2d 214 [2002]; Weiner v State of New York, 273 AD2d 95 [2000]).

The appeal from so much of the order as directed a hearing to aid in the determination of that branch of the defendant's cross motion which was for summary judgment dismissing the claims on the ground that it was not negligent is not appealable as of right, and since leave to appeal has not been granted, it must be dismissed (see Rosen v Swarzman, 296 AD2d 392 [2002]). Any party aggrieved by an order deciding that branch of the cross motion may take an appeal from that order (id.). Santucci, J.P., Feuerstein, Smith and Luciano, JJ., concur.