FIRST FRANKLIN SQUARE ASSOCIATES, LLC, Respondent, v FRANKLIN SQUARE PROPERTY ACCOUNT et al., Defendants, and FRANKLIN REALTY 710, LLC, Respondent, and WALGREEN EASTERN CO., INC., et al., Appellants-Respondents, and DUANE READE, Respondent-Appellant. (Action No. 1.) TOWN OF HEMPSTEAD, Respondent-Appellant, v FRANKLIN REALTY 710, LLC, et al., Appellants-Respondents. (Action No. 2.) PAYLESS SHOESOURCE, INC., Appellant, v FRANKLIN REALTY 710, LLC, et al., Respondents. (Action No. 3.) [790 NYS2d 527]—

In three related actions, inter alia, for a judgment declaring a "Declaration of Cross-Easements" dated August 22, 2001, purporting to create a reciprocal easement across 710 Franklin Avenue, Hempstead, and 730 Franklin Ave., Hempstead, unenforceable during the term of the net lease to 710 Franklin Avenue held by First Franklin Square Associates, LLC, and to enjoin the construction of a barrier between the two properties, (1) Walgreen Eastern Co., Inc., Franklin Square 2001, LLC, and ECS Realty, Inc., defendants in action No. 1, appeal, as limited by their brief, from so much of an order and judgment (one paper) and an amended order and judgment (one paper) of the Supreme Court, Nassau County (Warshawsky, J.), dated February 6, 2003, and April 4, 2003, respectively, as denied their motion for summary judgment, granted the cross motion of First Franklin Square Associates, LLC, the plaintiff in action No. 1, for partial summary judgment, and declared the "Declaration of Cross-Easements" unenforceable during the term of the net lease, (2) Duane Reade, a defendant in action No. 1, cross-appeals from so much of the amended order and judgment dated April 4, 2003, as denied its motion to preliminarily enjoin Walgreen Eastern Co., Inc., from conducting business at 730 Franklin Avenue, (3) Franklin Realty 710, LLC, First Franklin Square Associates, LLC, and Duane Reade, the defendants in action No. 2, appeal from an order of the same court dated May 13, 2003, which granted the motion of the Town of Hempstead, the plaintiff in action No. 2, to preliminarily enjoin them from constructing a barrier between the two properties, and directed a hearing on the issue of traffic safety, (4) the Town of Hempstead, the plaintiff in action No. 2, cross-appeals from so much of the same order as found that a barrier between the two properties was not expressly prohibited by prior site plans, and (5) Payless Shoesource, Inc., the plaintiff in action No. 3, appeals from an order of the same court dated June 2, 2003, which denied its motion to preliminarily enjoin the defendants in action No. 3 from constructing a barrier between the two properties.

Ordered that the appeal from the order and judgment dated February 6, 2003, is dismissed, without costs or disbursements,

as the order and judgment was superseded by the amended order and judgment dated April 4, 2003; and it is further,

Ordered that on the Court's own motion, the notice of appeal from so much of the order dated May 13, 2003, as directed a hearing on the issue of traffic safety is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the amended order and judgment dated April 4, 2003, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the order dated May 13, 2003, is modified, on the law and as a matter of discretion, by deleting the provision thereof directing a hearing on the issue of traffic safety; as so modified, the order dated May 13, 2003, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated June 2, 2003, is affirmed, without costs or disbursements.

These related actions involve a dispute over two adjacent properties on Franklin Avenue in Nassau County. Duane Reade has operated a drugstore at 710 Franklin Avenue (hereinafter the Duane Reade lot) since 1998. In September 2002, Walgreen Eastern Co., Inc. (hereafter Walgreen), Duane Reade's competitor, opened a store at 730 Franklin Avenue (hereinafter the Walgreen lot).

In 1971, the owner of the Hills Supermarket (hereinafter Hills), located on the Walgreen lot, facilitated the construction of a small shopping center on the adjacent Duane Reade lot, which was to house a drugstore and a bakery. Hills' purpose was to attract more customers to the supermarket and prevent a competitor from building a competing business next door. At the time, a site plan was prepared indicating that barriers between the two properties would be removed, and a traffic light at the Franklin Avenue entrance of the Walgreen lot would be relocated to a four-way intersection where the new Franklin Avenue entrance to the Duane Reade lot sat opposite Midway Court. A net lease to the Duane Reade lot, dated June 9, 1971, under which First Franklin Square Associates, LLC (hereinafter First Franklin), the plaintiff in action No. 1, is currently the lessee, contains a provision preventing the two properties from being separated by a barrier as long as Hills leased the Walgreen lot.

In 1992, Payless Shoesource, Inc. (hereinafter Payless), leased a store on the Duane Reade lot. At the time, a site plan depicting only the Duane Reade lot was approved by the Town of

Hempstead. Prior to Walgreen opening its store, Hills went out of business and its lease was cancelled by the bankruptcy of its successor in interest, Pergament Distributor, Inc. Seeking to maintain the two properties as one shopping center, on August 22, 2001, the owners entered into a Declaration of Cross-Easements (hereinafter the Reciprocal Agreement), which purported to create a reciprocal easement across the properties.

First Franklin commenced action No. 1, inter alia, for a judgment declaring the Reciprocal Agreement unenforceable. The Town and Payless brought action Nos. 2 and 3, respectively, seeking to prevent a barrier from being constructed between the properties. In action No. 1, the Supreme Court, inter alia, granted First Franklin's cross motion for partial summary judgment declaring the Reciprocal Agreement unenforceable during the term of the net lease, and denied Duane Reade's motion to preliminarily enjoin Walgreen from conducting business. In action No. 2, the Supreme Court granted the Town's motion to preliminarily enjoin the defendants in action No. 2 from constructing a barrier between the two properties and directed a hearing on the issue of traffic safety. In action No. 3, the court denied Payless's motion to preliminarily enjoin the defendants in action No. 3 from constructing a barrier between the two properties.

The Supreme Court properly granted First Franklin's cross motion for partial summary judgment declaring the Reciprocal Agreement unenforceable during the term of its lease. "The central distinguishing characteristic of a lease is the surrender of absolute possession and control of property to another party for an agreed-upon rent" (*Matter of Plaza v City of New York,* 305 AD2d 604, 606 [2003]; *see Matter of Dodgertown Homeowners Assn. v City of New York,* 235 AD2d 538 [1997]; *Matter of Davis v Dinkins,* 206 AD2d 365 [1994]). Further, "a tenancy involves an interest in real property which passes to the tenant, and a possession exclusive even of that of the landlord, except as the lease permits the landlord's entry" (*Layton v Namm & Sons,* 275 App Div 246, 249 [1949], *affd* 302 NY 720 [1951]). In response to First Franklin's prima facie showing of entitlement to judgment as a matter of law, the appellants in action No. 1 failed to demonstrate that the net lease at issue reserved for the landlord the right to encumber the Duane Reade lot with a new easement during the lease term without the lessee's consent (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]).

The Supreme Court providently exercised its discretion in denying Duane Reade's motion to preliminarily enjoin Walgreen from conducting business on the Walgreen lot, and in denying

Payless's motion to preliminarily enjoin the defendants in action No. 3 from constructing a barrier between the two properties. To be entitled to a preliminary injunction, a movant must establish (1) the likelihood of success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) a balancing of the equities in the movant's favor (*see Hightower v Reid,* 5 AD3d 440 [2004]; *Evans-Freke v Showcase Contr. Corp.,* 3 AD3d 549 [2004]). The purpose of a preliminary injunction is to maintain the status quo and prevent the dissipation of property that could render a judgment ineffectual (*see Rattner & Assoc. v Sears, Roebuck & Co.,* 294 AD2d 346 [2002]). The decision to grant or deny a preliminary injunction rests in the sound discretion of the Supreme Court (*see Ying Fung Moy v Hohi Umeki,* 10 AD3d 604 [2004]; *Matter of Merscorp, Inc., v Romaine,* 295 AD2d 431, 432 [2002]). Neither Duane Reade nor Payless demonstrated a clear right to relief under this standard (*see Evans-Freke v Showcase Constr. Corp., supra*).

The Supreme Court providently exercised its discretion in granting the Town's motion to preliminarily enjoin the defendants in action No. 2 from constructing a barrier between the two properties. Town Law § 268 permits a town to seek preliminary injunctive relief without establishing special damage or injury to the public, or the nonexistence of an adequate remedy at law (*see Town of E. Hampton v Buffa,* 157 AD2d 714, 715 [1990]). To obtain preliminary injunctive relief based on a violation of its zoning ordinances, a town need only show that it has a likelihood of ultimate success on the merits and that the equities are balanced in its favor (*see Town of Huntington v Pierce Arrow Realty Corp.,* 216 AD2d 287, 288 [1995]). In this case, the Town demonstrated that it would likely succeed on the merits. Any barrier between the properties would most likely constitute an improvement that would violate the Town's zoning ordinance in the absence of approval of a new site plan (*see* Building Zone Ordinance of Town of Hempstead § 305). Moreover, the equities are balanced in the Town's favor. Any barrier between the parcels would change a traffic pattern that has existed in and around the properties for over 30 years. Since a barrier would prevent Walgreen's customers from using the traffic light at the Franklin Avenue entrance to the Duane Reade lot, they would be forced to enter and exit the Walgreen lot without the assistance of a traffic light. In addition, there is nothing in the record to demonstrate that a barrier between the properties would help Duane Reade regain customers it allegedly lost since Walgreen opened for business.

So much of the order dated May 13, 2003, as directed a hear-

ing on the issue of traffic safety was not appealable as of right (*see Steel v State of New York*, 307 AD2d 919, 920 [2003]). However, in view of our disposition of the appealable portion of the order, we treat the notice of appeal from so much of the order as directed a hearing on the issue of traffic safety as an application for leave to appeal therefrom (*see* CPLR 5701 [c]), grant leave, and delete the provision of that order directing a hearing on the issue of traffic safety. Pursuant to the Town's Building Zone Ordinance, it is for the Town to first consider the potential effect of an improvement on vehicular traffic in the vicinity of the properties as part of its site plan approval process (*see* Building Zone Ordinance of Town of Hempstead § 305 [B] [2]).

The parties' remaining contentions are without merit. Prudenti, P.J., Cozier, Ritter and Spolzino, JJ., concur.