■ TOWN OF RIVERHEAD, Appellant, v COUNTY OF SUFFOLK, Respondent. [834 NYS2d 219]—

In an action, inter alia, to enjoin the defendant from constructing and utilizing a fueling facility in the Town of Riverhead, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated October 25, 2005, as denied its motion for a preliminary injunction, and granted those branches of the defendant's cross motion which were to dismiss the causes of action predicated on the alienation of parkland without legislative approval and violation of the Riverhead Town Code.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the cross motion which were to dismiss the causes of action predicated on the alienation of parkland without legislative approval and violation

of the Riverhead Town Code, and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, Town of Riverhead, brought this action to enjoin the defendant, County of Suffolk, from constructing and utilizing a fueling facility located on property inside the Indian Island County Park in Riverhead. The new facility was intended to replace an older facility in the park. The Town alleged, among other things, that the County commenced construction of the new facility without securing the necessary Town and state legislative approvals and permits, that the project violated the Riverhead Town Code, and that construction was continued in violation of a stop work order.

The Town moved, inter alia, to preliminarily enjoin construction and utilization of the facility during the pendency of the action. The County cross-moved to dismiss the complaint, inter alia, for failure to state a cause of action, and as academic since the fueling facility was substantially complete at the time of the commencement of the action. The Supreme Court denied the Town's motion and granted the County's cross motion. We modify.

Initially, the action should not have been dismissed as academic (*see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d 727, 729 [2004]). Upon weighing the relevant factors of the mootness doctrine (*see Citineighbors, supra; Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d 165, 172 [2002]), based on the conflicting evidence in the record, it cannot be determined at this time whether the action should be dismissed as academic (*see generally Matter of Silvera v Town of Amenia Zoning Bd. of Appeals*, 33 AD3d 706 [2006]; *Matter of Michalak v Zoning Bd. of Appeals of Town of Pomfret*, 286 AD2d 906 [2001]; *Vitiello v City of Yonkers*, 255 AD2d 506 [1998]; *Matter of Uciechowski v Ehrlich*, 221 AD2d 866, 867-868 [1995]; *cf. Matter of Mehta v Town of Montour Zoning Bd. of Appeals*, 4 AD3d 657, 657-658 [2004]; *Matter of Group for S. Fork v Planning Bd. of Town of Southampton*, 306 AD2d 281 [2003]).

As to the sufficiency of the complaint, in considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the Supreme Court must accept as true the facts alleged in the complaint and afford the plaintiff the benefit of every possible favorable inference in determining whether the complaint states any legally cognizable cause of action (*see International Shoppes, Inc. v Spencer*, 34 AD3d 429 [2006]; *Schenkman v New York Coll. of*

*Health Professionals*, 29 AD3d 671, 672 [2006]). Further, where evidentiary material is submitted, the court is required to determine whether the proponent of the pleading has a cause of action, not whether he or she has stated one (*see Hartman v Morganstern*, 28 AD3d 423, 424 [2006]).

The Town has a cause of action predicated on the County's unauthorized alienation of parkland. "Dedicated park areas in New York State are impressed with a public trust, and their use for other than park purposes requires direct and specific approval by the State Legislature" (*Matter of Jones v Amicone*, 27 AD3d 465, 470 [2006]; *see Friends of Van Cortlandt Park v City of New York*, 95 NY2d 623, 630-632 [2001]; *Johnson v Town of Brookhaven*, 230 AD2d 774 [1996]). The Town set forth sufficient allegations in its complaint, supported by the sworn statements of Town representatives, that the fueling facility at issue was constructed on dedicated parkland without the requisite legislative approval, and the County intended to utilize the fueling facility to fuel County-owned vehicles for non-park related purposes. The Supreme Court erred in concluding as a matter of law that the new facility constituted a de minimis change not warranting application of the public trust doctrine (*see generally Friends of Van Cortlandt Park v City of New York*, supra; cf. *Roosevelt Is. Residents Assn. v Roosevelt Is. Operating Corp.*, 7 Misc 3d 1029[A], 2005 NY Slip Op 50811[U] [2005]).

As to the Town's cause of action predicated on the County's violation of the Riverhead Town Code and failure to procure the requisite Town approvals and permits, there is a conflict between the Town's regulations and the County's statutory authority to construct and utilize the fueling facility. This conflict must be resolved with a "balancing of public interests" analytic approach (*Matter of County of Monroe [City of Rochester]*, 72 NY2d 338, 341 [1988]). Based on the conflicting evidence in the record, however, it cannot be established that, under the "balancing of public interests test," the County was entitled to construct and utilize the new fueling facility (*Matter of Board of Fire Commrs. of Tappan Fire Dist. v Planning Bd. of Town of Orangetown*, 253 AD2d 875, 876 [1998]).

Although we reinstate these causes of action, we find that the preliminary injunction enjoining operation of the facility during the pendency of this action is unwarranted as the Town failed to demonstrate that the equities are balanced in its favor (*see Town of Huntington v Pierce Arrow Realty Corp.*, 216 AD2d 287, 288 [1995]). Miller, J.P., Spolzino, Goldstein and McCarthy, JJ., concur.