■ Town of Islip, Appellant, v Modica Associates of NY 122, LLC, et al., Respondents. [846 NYS2d 201]—

In an action pursuant to Town Law § 268 (2) for injunctive relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated June 19, 2006, which denied its motion, inter alia, to preliminarily enjoin the defendants from using certain real property as a marina or to dock a commercial excursion boat, and vacated a temporary restraining order.

Ordered that the order is affirmed, without costs or disbursements

To obtain preliminary injunctive relief based on a violation of its zoning ordinances, a town need not satisfy the traditional three-part test for injunctive relief, but is required "only [to] show that it has a likelihood of ultimate success on the merits and that the equities are balanced in its favor" (*First Franklin Sq. Assoc., LLC v Franklin Sq. Prop. Account*, 15 AD3d 529, 533 [2005]; *see Town of Huntington v Pierce Arrow Realty Corp.*, 216 AD2d 287, 288 [1995]; *Incorporated Vil. of Freeport v Jefferson Indoor Mar.*, 162 AD2d 434, 436 [1990]). To obtain relief, a town must "come forward with a strong prima facie showing that the defendants are violating its zoning ordinance" (*Town of Oyster Bay v Sodomsky*, 154 AD2d 455, 455 [1989]; *see Town of Oyster Bay v Dyott*, 246 AD2d 531 [1998]). Here, since the Town of Islip failed to make a strong prima facie showing that the use of the subject property as a marina was not a preexisting nonconforming use, or that the proposed docking of a commercial excursion boat would impermissibly expand such nonconforming use, the Supreme Court providently exercised its discretion in denying the Town's motion for preliminary injunctive relief (*see Town of Southampton v Sendlewski* 156 AD2d 669, 670 [1989]; *Town of Oyster Bay v Sodomsky*, 154 AD2d 455 [1989]; CPLR 4401).

Contrary to the Town's contention, the Supreme Court did not, in effect, award partial summary judgment to the defendants. Schmidt, J.P., Skelos, Lifson and Balkin, JJ., concur.