■ VILLAGE OF CROTON-ON-HUDSON, Respondent-Appellant, v NORTHEAST INTERCHANGE RAILWAY, LLC, et al., Appellants-Respondents. (And a Related Action.) [846 NYS2d 606]—

In an action pursuant to Village Law §§ 7-714 and 20-2006 to permanently enjoin the defendants from commencing operation of a waste transfer station without first obtaining either a special permit or a use variance, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered April 27, 2006, as granted the plaintiff's motion for a preliminary injunction enjoining the defendants from commencing operation of the waste transfer station until a special permit is obtained, and the plaintiff cross-appeals from stated portions of the same order.

Ordered that the cross appeal is dismissed, without costs or disbursements, as the plaintiff is not aggrieved by the order (see CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof enjoining the defendant Northeast Interchange Railway, LLC, and its affiliate RS Acquisition Co., LLC, "from operating a transfer station at the Property without first obtaining a special permit in accordance with the Village's Zoning Code" and substituting therefor a provision enjoining such parties "from operating a transfer station at the Property until such time as the Village recognizes the permissibility of their proposed use, it is judicially determined that they may use the Property for its intended purpose as a matter of right, or a use variance is obtained"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant Greentree Realty, LLC (hereinafter Greentree), owns real property located within the Light Industrial LI Zoning District in the Village of Croton-on-Hudson (hereinafter the Village). In 1998 Metro Enviro, LLC (hereinafter Metro Enviro), the tenant in possession of the property, applied for and obtained a special permit pursuant to section 230-53(A) (2) of the Village

Code to change from one nonconforming use (wood waste recycling) to another (a solid waste recyclables handling and processing facility). The special permit was subject to 43 conditions. In March 2000 Metro Enviro Transfer, LLC (hereinafter Metro Enviro Transfer), acquired Metro Enviro's assets. In 2003 the Village Board of Trustees (hereinafter the Board) denied Metro Enviro Transfer's application to renew the special permit on the ground that the conditions of the special permit had been violated. The Board's denial of the renewal application was sustained by the Court of Appeals in July 2005 (see Matter of Metro Enviro Transfer, LLC v Village of Croton-on-Hudson, 5 NY3d 236 [2005]).

In or about August 2005 Metro Enviro Transfer and Greentree commenced an action against the Village seeking a judgment declaring that the operation of the facility on the property is a pre-existing lawful nonconforming use. By order dated August 25, 2005, the Supreme Court preliminarily enjoined the Village from "prohibiting or interfering with Greentree's ability to lease and or operate it's [sic] property for purposes of solid waste management," but declined to enjoin the Village from prohibiting or interfering with Metro Enviro Transfer's use of the property to operate the facility. Although the Village took an appeal from this order, it later withdrew that appeal voluntarily. Metro Enviro Transfer ceased operation at the premises on September 1, 2005.

In November 2005 the chief executive officer of Northeast Interchange Railway, LLC (hereinafter NIR), informed Village officials that NIR intended to recommence the use of the property as a transfer station without any further Village approval, asserting that such use constituted a prior lawful nonconforming use of the property. In response, the Village commenced this action pursuant to Village Law §§ 7-714 and 20-2006 to permanently enjoin the defendants from commencing a waste transfer station operation on the property without first obtaining either a special permit or a use variance. The Village moved for a preliminary injunction enjoining the defendants from commencing operation of the waste transfer station until a special permit is obtained from the Village. NIR cross-moved to dismiss the complaint or, in the alternative, to consolidate this action with the action for a declaratory judgment that had been commenced by Greentree. The Supreme Court granted the Village's motion, denied that branch of the cross motion which was to dismiss the complaint and, in effect, granted that branch of the cross motion which was to consolidate the two actions to the extent of directing that the two actions be jointly tried.

Greentree and NIR appeal from so much of the order of the Supreme Court as granted the Village's motion for a preliminary injunction. We modify the terms of the preliminary injunction and affirm the granting of the preliminary injunction as so modified.

A municipality is entitled to an injunction prohibiting a use that is not permitted under the applicable zoning law upon establishing a likelihood of success on the merits and a balancing of the equities in its favor (*see* Village Law § 7-714; *Village of Chestnut Ridge v Roffino*, 306 AD2d 522, 524 [2003]; *Incorporated Vil. of Freeport v Jefferson Indoor Marina*, 176 AD2d 783 [1991]). Here, the Village did so by demonstrating the justified denial of the renewal permit and that the status quo would be preserved by prohibiting the use during the pendency of this proceeding.

The injunction should not, however, have required NIR and its affiliate, RS Acquisition Co., LLC (hereinafter RSA), to obtain a special permit pursuant to section 230-53 (A) (2) of the Village Code. Such a special permit is available, by its terms, only where there is a change in the proposed use. Here, NIR and RSA propose to continue the use that had been in place prior to the expiration of the special permit, not to change it. The use was nevertheless properly enjoined until such time as the Village recognizes the permissibility of the proposed use, it is judicially determined that NIR and RSA may use the property for its intended purpose as a matter of right, or a use variance is obtained.

Since the defendants failed to appeal from so much of the court's order as denied that branch of their cross motion which was to dismiss the complaint, their argument that the court should have granted that branch of their cross motion is not properly before this Court (*see* CPLR 5515 [1]; *Nobre v Nynex Corp.*, 2 AD3d 602, 604 [2003]; *City of Mount Vernon v Mount Vernon Hous. Auth.*, 235 AD2d 516, 516-517 [1997]).

The Village's cross-appeal from so much of the order as "holds that the Village of Croton-on-Hudson's denial of [Metro Enviro Transfer's] renewal application did not extinguish the prior nonconforming use on the subject property and 'did not eviscerate the protected property rights at issue,' " must be dismissed. Only a party that is aggrieved by an order may appeal from it (*see* CPLR 5511). A party that has been granted the relief it sought on a motion is not aggrieved by the order granting that relief (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 544-545 [1983]), even if the order contains language that the party considers to be objectionable (*see Pennsylvania*

*Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 472-473 [1986]). Here, the Village sought only an injunction against the use of the property without a special permit. Since the Supreme Court granted that relief, the Village is not aggrieved by the Supreme Court's order.

Motion by the appellants-respondents on appeals and a cross appeal from an order of the Supreme Court, Westchester County, entered April 27, 2006, to dismiss the cross appeal on the ground that the respondent-appellant is not aggrieved by the order. By decision and order on motion of this Court dated September 25, 2006, inter alia, the motion was held in abeyance, and was referred to the Justices hearing the appeals and cross appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal and cross appeal, it is

Ordered that the motion is denied as academic. Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.