■ INCORPORATED VILLAGE OF PLANDOME MANOR, Respondent, v JOHN IOANNOU, Appellant. [863 NYS2d 241]—

In an action pursuant to Village Law § 7-714, inter alia, to permanently enjoin the defendant from, among other things, constructing any structure for which no permit has been issued, or which is the subject of a stop work order or a revoked permit, or from occupying a structure for which no certificate of completion or occupancy has been issued, the defendant appeals from an order of the Supreme Court, Nassau County (Martin, J.), dated March 23, 2007, which granted the plaintiff's motion for a preliminary injunction enjoining him from, among other things, constructing any structure on the subject property for which no permit has been issued by the plaintiff, or which is the subject of a stop work order issued by the plaintiff, or which is encompassed by a permit revocation issued by the plaintiff, and from occupying or using any structure on the subject property for which no certificate of completion or occupancy has been issued by the plaintiff.

Ordered that the order is affirmed, with costs.

When a village seeks injunctive relief pursuant to Village Law § 7-714, it may obtain a preliminary injunction without satisfy-

ing the traditional three-pronged test for preliminary injunctive relief. The village must demonstrate only a likelihood of success on the merits and that the equities are balanced in its favor; it need not demonstrate irreparable harm (*see Village of Croton-on-Hudson v Northeast Interchange Ry., LLC*, 46 AD3d 546, 548 [2007]; *Village of Chestnut Ridge v Roffino*, 306 AD2d 522, 524 [2003]).

Here, the Supreme Court correctly determined that the plaintiff demonstrated a likelihood of success on the merits. Furthermore, the record clearly establishes that the equities are balanced in the plaintiff's favor. Thus, the plaintiff was entitled to preliminary injunctive relief (*see Town of Dover Town Bd. v Cascino*, 41 AD3d 834 [2007]; *Village of Chestnut Ridge v Roffino*, 306 AD2d at 524; *Town of Thompson v Braunstein*, 247 AD2d 753 [1998]).

Contrary to the defendant's contention, the order appealed from did not grant the plaintiff the ultimate relief it seeks (*cf. Village of Westhampton Beach v Cayea*, 38 AD3d 760, 762 [2007]). Moreover, under the circumstances of this case, the court properly granted the Village preliminary injunctive relief without conducting a hearing (*see* CPLR 6312 [c]; *Stockley v Gorelik*, 24 AD3d 535, 536 [2005]). Prudenti, P.J., Covello, Balkin and Dickerson, JJ., concur.