■ TOWN OF SOUTHAMPTON, Respondent, v COUNTY OF SUFFOLK et al., Appellants, et al., Defendants. [931 NYS2d 405]—

In February 2007 the County of Suffolk and the Commissioner of Social Services for the County of Suffolk (hereinafter together the County) placed a trailer on a county-owned parcel of real property located in Westhampton to provide temporary emergency housing for homeless registered sex offenders. This trailer (hereinafter the Westhampton trailer) provided housing for up to eight sex offenders. In May 2007 the County set up a second trailer to serve the same purpose on another county-owned parcel located in Riverside (hereinafter the Riverside trailer). In 2008 the Riverside trailer was expanded to house additional sex offenders.

In May 2009 the Town of Southampton commenced this action to permanently enjoin the County from continuing and/or expanding its use of the Riverside trailer. The Town alleged, among other things, that the County's installation of the Riverside trailer and its use as housing violated certain state, county, and local laws, including certain zoning provisions. In May 2010 the Town served a proposed amended complaint upon the County seeking such permanent injunctive relief with respect to both the Westhampton trailer and the Riverside trailer. Simultaneously, the Town moved, inter alia, for a preliminary injunction enjoining the County from altering, expanding,

replacing, or changing the physical structure of the Riverside and Westhampton trailers. In an order dated June 8, 2010, the Supreme Court, among other things, granted that branch of the Town's motion which was for a preliminary injunction.

To obtain a preliminary injunction based on a violation of its zoning ordinances, a town need not satisfy the traditional three-part test for injunctive relief, but is required " 'only [to] show that it has a likelihood of ultimate success on the merits and that the equities are balanced in its favor' " (*Town of Islip v Modica Assoc. of NY 122, LLC*, 45 AD3d 574, 575 [2007], quoting *First Franklin Sq. Assoc., LLC v Franklin Sq. Prop. Account*, 15 AD3d 529, 533 [2005]; *see* Town Law § 268 [2]). Here, the Town failed to establish a likelihood of ultimate success on the merits (*see Town of Riverhead v County of Suffolk*, 78 AD3d 1165 [2010]; *Town of Islip v Modica Assoc. of NY 122, LLC*, 45 AD3d at 575; *Town of Oyster Bay v Sodomsky*, 154 AD2d 455 [1989]). The Town further failed to demonstrate that the equities were balanced in its favor (*see Town of Riverhead v County of Suffolk*, 39 AD3d 537, 539 [2007]; *Town of Esopus v Fausto Simoes & Assoc.*, 145 AD2d 840, 842 [1988]). Consequently, the Supreme Court improvidently exercised its discretion in granting that branch of the Town's motion which was for a preliminary injunction (*see Town of Huntington v Pierce Arrow Realty Corp.*, 216 AD2d 287, 289 [1995]).

To the extent that the County seeks relief regarding its separate motion to dismiss the complaint, we note that the Supreme Court did not decide that motion in the order appealed from. Thus, the County's contentions regarding that separate motion are not properly before this Court. Skelos, J.P., Chambers, Sgroi and Miller, JJ., concur.