■ LEON BEHAR et al., Appellants, v QUAKER RIDGE GOLF CLUB, INC., Respondent. [942 NYS2d 879]—

In an action for injunctive relief and to recover damages for nuisance and trespass, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Murphy, J.), entered January 25, 2011, which denied that branch of their motion which was to preliminarily enjoin the use of the second hole of the defendant's golf course, and (2) an order of the same court entered July 14, 2011, which denied their motion for leave to renew the motion for a preliminary injunction.

Ordered that the orders are affirmed, with one bill of costs.

The Supreme Court properly denied the preliminary injunctive relief sought by the plaintiffs. The plaintiffs were required to demonstrate, by clear and convincing evidence, a likelihood of success on the merits, a danger of irreparable injury in the absence of an injunction, and a balance of the equities in their favor (*see* CPLR 6301; *Doe v Axelrod*, 73 NY2d 748 [1988]; *Brach v Harmony Servs., Inc.*, 93 AD3d 748 [2d Dept 2012]). Here, the Supreme Court providently exercised its discretion in determining that the plaintiffs failed to demonstrate, by clear and convincing evidence, that irreparable injury would result if the provisional relief at issue were withheld, and that a balancing of the equities weighed in their favor (*see* CPLR 6301; *Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *Berkoski v Board of Trustees of Inc. Vil. of Southampton*, 67 AD3d 840, 844 [2009]).

Moreover, the Supreme Court properly denied the plaintiffs' motion for leave to renew. "A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination, and shall contain reasonable justification for the failure to present such facts on the prior motion" (*Marrero v Crystal Nails*, 77 AD3d 798, 799 [2010]; *see Countrywide Home Loans Servicing, LP v Albert*, 78 AD3d 985, 986 [2010]; CPLR 2221 [e]). Here, the new facts offered would not have changed the prior determination. Skelos, J.P., Florio, Eng and Roman, JJ., concur.