In an action, inter alia, for permanent injunctive relief, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Jaeger, J.), dated May 25, 2011, as denied that branch of its motion which was to preliminarily enjoin the defendant from using certain real property in connection with the defendant’s landscaping business.
Ordered that the order is affirmed insofar as appealed from, with costs.
To obtain preliminary injunctive relief based on a violation of its zoning ordinances, a town need not satisfy the traditional three-part test for injunctive relief, but is required “only [to] show that it has a likelihood of ultimate success on the merits and that the equities are balanced in its favor” (First Franklin Sq. Assoc., LLC v Franklin Sq. Prop. Account, 15 AD3d 529, 533 [2005]; see Town of Southampton v County of Suffolk, 88 AD3d 988, 989 [2011]; Town of Huntington v Pierce Arrow Realty Corp., 216 AD2d 287, 288 [1995]; Incorporated Vil. of Freeport v Jefferson Indoor Mar., 162 AD2d 434, 436 [1990]). To obtain relief, a town must “come forward with a strong prima facie showing that the defendants are violating its zoning ordinance” (Town of Oyster Bay v Sodomsky, 154 AD2d 455, 455 [1989]; see Town of Oyster Bay v Dyott, 246 AD2d 531 [1998]). Here, the Town of Oyster Bay failed to make a prima facie showing that the nonconforming use of the subject property had been abandoned and, thus, that the use of the subject property as a landscaping business was not a lawful, preexisting nonconform *825 ing use. Consequently, the Supreme Court correctly denied that branch the Town’s motion which was to preliminarily enjoin the defendant from using his real property in connection with his landscaping business (see Town of Islip v Modica Assoc. of NY 122, LLC, 45 AD3d 574, 575 [2007]; Town of Southampton v Sendlewski, 156 AD2d 669, 670 [1989]; Town of Oyster Bay v Sodomsky, 154 AD2d 455 [1989]; CPLR 4401). Dillon, J.P., Eng, Austin and Sgroi, JJ., concur. [Prior Case History: 2011 NY Slip Op 31448(U).]