Town of Brookhaven, Appellant, v MMCCAS Holdings, Inc., et al., Respondents, et al., Defendants. [29 NYS3d 389]—

In an action, inter alia, to permanently enjoin the defendants' use of certain real property for the composting and processing of mulch, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated August 11, 2014, which denied its motion for a preliminary injunction.

Ordered that the order is affirmed, with costs, and the trial in this matter shall be held forthwith.

The defendant MMCCAS Holdings, Inc. (hereinafter MMCCAS), is the owner of three contiguous parcels of real property located in the Town of Brookhaven. A small portion of the property is situated within a J-2 Business Zoning District, while the remainder is situated in an A-1 Residential Zoning District. The property is used for a composting and mulch-processing operation.

The Town of Brookhaven commenced this action, inter alia, to permanently enjoin the defendants from conducting the composting and mulch-processing operation on the property. The Town then moved for a preliminary injunction to that effect, contending, inter alia, that this use was unlawful under the zoning ordinance. In opposition, MMCCAS and the defendants Jetson Enterprises, Inc., and Green Vision Materials, Inc. (hereinafter collectively the defendants), argued that their operation constituted a lawful nonconforming, preexisting use of the subject premises. The Supreme Court denied the motion. We affirm, albeit on a ground different than that relied upon by the Supreme Court.

Initially, under the circumstances of this case, it was improper for the Supreme Court to deny the Town's motion on the ground, in effect, that the Town was collaterally estopped from seeking a preliminary injunction by the denial of a motion for that relief in a prior, related action. The defendants, in opposition to the Town's current motion, did not make that argument or include the prior order and motion papers as exhibits to their opposition papers (*see Rosenblatt v St. George Health & Racquetball Assoc., LLC*, 119 AD3d 45, 52 [2014]; *Baron v Brown*, 101 AD3d 915, 916-917 [2012]; *Quizhpe v Luvin Constr.*, 70 AD3d 912, 914 [2010]; *cf. Tirado v Miller*, 75 AD3d 153 [2010]). However, because the merits of the motion were argued before the Supreme Court and fully briefed in this

Court, this Court will consider the merits of the motion in the interest of judicial economy (*see T-Rex Hyde Park Owner, LLC v Dutchess County Legislature*, 134 AD3d 1024 [2015]; *Curanovic v Cordone*, 134 AD3d 978 [2015]).

"To obtain preliminary injunctive relief based on a violation of its zoning ordinances, a town need not satisfy the traditional three-part test for injunctive relief, but is required 'only [to] show that it has a likelihood of ultimate success on the merits and that the equities are balanced in its favor' " (*Town of Islip v Modica Assoc. of NY 122, LLC*, 45 AD3d 574, 575 [2007], quoting *First Franklin Sq. Assoc., LLC v Franklin Sq. Prop. Account*, 15 AD3d 529, 533 [2005]; *see Town of Carmel v Melchner*, 105 AD3d 82, 91 [2013]; *Town of Oyster Bay v Baker*, 96 AD3d 824 [2012]).

Here, although the Town ultimately may be successful in this action, it failed to demonstrate that the balance of the equities weighed in its favor. While the harm to the defendants if the injunction is granted would prove substantially burdensome and likely irreversible, the harm to the Town should the injunction be denied is more remote and uncertain (*see generally Lombard v Station Sq. Inn Apts. Corp.*, 94 AD3d 717, 721-722 [2012]; *Klein, Wagner & Morris v Lawrence A. Klein, P.C.*, 186 AD2d 631, 633 [1992]). Indeed, the Town's evidence suggests that the defendants have been conducting substantial composting and mulch-processing activities on the property since at least 2007. Further, granting the injunction would disturb the status quo, rather than maintain it (*see Board of Mgrs. of the Britton Condominium v C.H.P.Y. Realty Assoc.*, 101 AD3d 917, 919 [2012]; *cf. Masjid Usman, Inc. v Beech 140, LLC*, 68 AD3d 942, 943 [2009]; *Village of Croton-on-Hudson v Northeast Interchange Ry., LLC*, 46 AD3d 546, 548 [2007]). Under these circumstances, the Town's motion for a preliminary injunction should have been denied on the merits (*see Board of Mgrs. of the Britton Condominium v C.H.P.Y. Realty Assoc.*, 101 AD3d at 919; *Behar v Quaker Ridge Golf Club, Inc.*, 95 AD3d 808, 809 [2012]; *cf. Town of Riverhead v Gezari*, 63 AD3d 1042, 1043-1044 [2009]). Mastro, J.P., Chambers, Roman and Barros, JJ., concur.